## STATE *v.* LEANDER CRUSE.

Upon the trial of an indictment for larceny, it appeared that the officer who arrested the prisoner, in order to restrain him from violence, tied him; that shortly thereafter, the prisoner said to the officer, "if you will untie me, I will tell you all about it;" and upon being untied, made certain confessions: *Held*, that in the absence of evidence tending to show that the tying was painful, and to be relieved of the pain, formed an inducement to his subsequent confession, the admissions made were competent evidence against the prisoner.

(*Stalcup's case*, 2 Ired. 50; *State* v. *Davis*. 63 N. C. Rep. 578; *Moore's case*, 1 Hay. 582; *State* v. *Jefferson*, 5 Ired. 305, and *State* v. *Parish*, Busbee 239, cited and approved.)

INDICTMENT, for *Larceny*, tried before *Furches, J.*, at Fall Term, 1875, of IREDELL Superior Court.

The State introduced one Sharpe to prove the declarations of the prisoner. The counsel for the prisoner objected to the admission of the evidence on the ground that they were improperly obtained. Sharpe testified: That he was deputised to arrest the prisoner; that he found him at Damascus church, on Sunday night; the prisoner was standing outside the church, and the services were then going on; he arrested him and, for the purpose of preventing a disturbance of the congregation, he carried the prisoner off some forty yards. Soon thereafter a deputy sheriff and several other persons came up. The sheriff asked the prisoner what was the matter, the prisoner replied "nothing," and commenced dancing and cutting up. Sharpe then said to the prisoner, "If you don't behave yourself I will tie you," to which the prisoner replied with an oath, that it would take a better man than he was to tie him. The prisoner was then tied. Soon after being tied, he said: "If you will untie me I will tell you all about it." He was then untied, and made a statement.

The counsel for the prisoner renewed the objection. Objection overruled by the court, and the prisoner excepted.

The confessions of the prisoner were given in evidence. The jury rendered a verdict of guilty and the prisoner moved for a new trial. Motion overruled, judgment and appeal by the prisoner.

*Scott & Caldwell*, for the prisoner.
*Attorney General Hargrove*, for the State.

RODMAN, J.    An officer who arrests a person charged with crime, has a right to tie him, if he thinks it necessary to do so, either to prevent his escape or to prevent violence to himself or others· *State* v. *Stalcup*, 2 Ire. 50.    From the fact that the officer tied the prisoner under the circumstances set forth, no inference can be drawn of a purpose to frighten him so as to induce a confession.    It is admitted law that the ·confessions of a prisoner cannot be received as evidence against him, unless it appears that they were made freely and without the inducement of hope or fear.    If a person in authority (as the constable on this occasion was) presents even a ·very slight inducement to the prisoner to confess, his confessions thereafter made are inadmissible.    The principle is discussed with much ability in *Regina* v *Moore*, 12 E. L. & E. R., 583, and in *Regina* v. *Baldry*, Id., 590.    See also 1 Greenl. Ev., S. 219 ; *State* v. *Davis*, 63 N. C. Rep., 578 ; *State* v. *Moore*, 1 Hay., 582.    It is held in many cases that the mere fact that the prisoner was under arrest when he made the confessions, does not render them incompetent, unless some inducement had been held out to him.    *State* v. *Jefferson*, 6 Ire., 305 ; *State* v. *Parish*, Busb. 239.

In the present case the prisoner not long after he had been tied, said : " If you will untie me, I will tell you all about it." The constable then untied the prisoner, and the prisoner then stated that he and another broke into the prosecutor's house and took the property mentioned in the indictment, and he led the officer to the place in which it had been concealed.

If it appeared that the tying was so done as to produce pain, and that to be relieved of the pain formed an inducement to the subsequent confession, we should not hesitate to reject it. Nothing is more abhorrent to our law than confessions extorted by tortue, or by the fear of it, or by the hope of being relieved from it. But it appears in the present case that the tying was resorted to, to restrain the violence of the prisoner. It does not appear that it was painful, or that it was continued longer than was necessary for the object in view. The confessions were made after the prisoner was released from his bonds. We think they were properly admitted in evidence to the jury, subject as to their credibility, to be affected by all the circumstances attending them. Of their credibility, under the circumstances, the jury was the proper judge.

As in our opinion all the confessions were admissible, it is unnecessary to consider separately that part of the prisoner's statement which relates to the goods having been deposited by him in the place where they were afterwards found.

Judgment affirmed. Let this opinion be certified.

PER CURIAM.                              Judgment affirmed.