STATE v. WARREN SANDERS.

*Confession—Judge's Charge.*

1. Facts accompanying a prisoner's confession found by the court below are conclusive; but whether they are sufficient to warrant the admission of the evidence is a matter of law and reviewable.

2. In larceny, it was found by the court that the defendant was arrested, tied and carried by an officer to the house of the employer of defendant in another county, when a vest (one of the articles charged in the indictment) was exhibited by the said employer to defendant, and in reply to the question, "where did you get that vest," the defendant said, "from you sir," and the court admitted the declaration as voluntary, no improper influences being shown to exist; *Held,* no error.

3. Where on the trial of a criminal action, no evidence as to character being offered by defendant, the court told the jury that the state could

STATE v. SANDERS.

not introduce such evidence but it was the right of defendant to offer it if he chose, and that no unfavorable inference could be drawn from his failure to do so; and added, that they must find their verdict upon the facts proved; *Held*, that although the former part of the charge might by itself be objectionable, yet the error was cured by the latter.

(*State* v. *Andrew*, Phil., 205; *State* v. *Whitfield*, 70 N. C., 356; *State* v. *Stalcup*, 2 Ired., 50; *State* v. *Cruse*, 74 N. C., 491, cited and approved.)

INDICTMENT for larceny tried at Fall Term, 1880, of WAKE Superior Court, before *Graves, J.*

Verdict of guilty, judgment, appeal by defendant.

*Attorney General*, for the State.
*Messrs. Mason & Devereux*, for defendant.

DILLARD, J. The defendant was charged in the bill of indictment with the larceny of divers articles, and among them a vest, and on the trial, he took two exceptions, one to the admission in evidence of a certain confession to Dr. Leach, and the other to the charge of the judge to the jury, and these constitute the only points for the determination of this court.

The state having offered evidence tending to show the larceny, and that, in a few days thereafter, the goods were found in an outhouse on the plantation of Dr. Leach, in Johnston county, on which the defendant was living as his hireling, and also tending to show that defendant very shortly after the larceny had sold the vest mentioned in the bill of indictment to a fellow-servant, then proposed to show by Dr. Leach the account given by the defendant on the night of his arrest as to how he came by the vest. The defendant objected on the ground that his declaration or admission had been procured by duress and the court having admitted the evidence, the defendant excepted. Verdict of guilty, judgment, appeal by defendant.

Under the objection made, the admissibility of the confession depended on the facts accompanying it and the legal inference therefrom, the facts being matter for the decision of the judge and conclusive, and the sufficiency or insufficiency thereof to warrant the admission or exclusion of the evidence being matter of law reviewable in this court. *State* v. *Andrew*, Phil., 205; *State* v. *Whitfield*, 70 N. C., 356. If from the facts the legal inference be that the confession was voluntary, then the evidence was receivable, otherwise, not.

The only facts found by His Honor and put upon the record as bearing upon the point of objection, are, that on the evening of the arrest on the plantation of Dr. Leach, in Johnston county, the defendant, formerly a slave, was carried, being tied at the time, by the officer in charge to the dwelling house of Dr. Leach, when the said Leach, in the presence of four or five white men at his house, no person of color being present, called the attention of the defendant to the vest claimed to be the one described in the bill of indictment, and which he then held in his hand and asked him, " where did you get that vest?" to which the defendant replied "from you, sir." Dr. Leach also testified that the defendant had on at the time a vest which he had sold him, and that when he asked the question he was not speaking of that, but of the vest which he held in his hand.

Upon these facts we concur in the legal inference of the judge below, that the answer of the defendant to Dr. Leach's question was voluntary and therefore admissible as evidence.

Confessions are to ₍ᵦ₎be taken as *prima facie* voluntary and admissible in evidence, unless the party against whom they are offered allege and show facts authorizing a legal inference to the contrary. Roscoe's Crim. Ev., 53. In this case it cannot be seen from the statement of the case of appeal, that the restraint of defendant's liberty at the time of the

confession was illegal, nor that he was accompanied to the house of Dr. Leach by any others than the officer ; and it cannot be seen that any violence was done or threatened or fear excited by Dr. Leach and the white men at his house, or any or either of them. The fact of the admission being made in answer to a question put by Dr. Leach, in whose employment the defendant was, affords no inference of an influence to induce an untruthful statement, nor does the fact of the defendant's being tied at the time, operate to exclude the evidence proposed. An officer has the right to tie a prisoner if he thinks it necessary to prevent escape, and a confession made at such a time will be admitted as evidence, unless it appear it was done in such manner as to constitute an inducement to confess, in order to get rid of the pain of it. *State* v. *Stalcup,* 2 Ired., 50 ; *State* v. *Cruse,* 74 N. C., 491. Upon these views it seems to us there was no error in admitting evidence of the defendant's answer to the interrogatory of Dr. Leach.

2. The judge in his charge, no evidence as to character having been introduced, told the jury that the state could not introduce evidence as to the defendant's character, but that it was the right of the defendant to offer evidence as to his good character if he chose, and he had not done so, but that no unfavorable inference could be drawn from his failure to offer such evidence , and he added that the jury must find upon the facts proved, whether the defendant was guilty or not.

Good character, without doubt, in some prosecutions, is of much weight in favor of the accused, and he only may open the door to evidence as to that. But if he should omit to adduce evidence to that point he is still presumed by the law to be innocent ; and it is inadmissible for the jury to consider, or be allowed to consider, an omission to make such proof as counteracting or displacing the presumption in the accused's favor.

The comment of His Honor on defendant's right and failure to offer evidence of his good character was unnecessary, and by itself would probably have been an error, but the jury were told in immediate connection therewith that no unfavorable inference was to be drawn from that failure of proof, and that they must find their verdict on the facts proved. This caution to the jury, we think, rendered it impossible that the jury should be misled, and so the error of the previous remarks of the court was cured.

There is no error, and this will be certified to the end that the court below may proceed to judgment.

PER CURIAM.                            No error.