The prosecutrix testified that during Fair Week, in the town of Tarboro, in the fall of 1882, she started after night (the night being very dark) to see a female acquaintance in the town, and was accompanied by her little nephew; that when she reached a *Page 522 
certain street-crossing, she was alone, the nephew having stopped on Main street; she there observed a man standing behind a tree near the corner; passing down the cross-street, she soon thereafter saw some one following her, in consequence of which she made an attempt to enter the gate of a person living near by, but finding the gate locked, she crossed the street and sought refuge in the house of one Mrs. Winborne, whom she knew, and as she was ascending the steps of the house some one seized her around the neck with both hands and threw her down; that she screamed loudly, and the assailant released her, having first tried to put his hand over her mouth, but without succeeding in preventing her from screaming; that the door of Winborne's house was also locked, but as soon as she made herself known she was admitted; that by the aid of the light from the door (after it was opened) and the window of the house, she recognized the defendant, who was standing near, and that no one else was seen by her on the street at the time.
The state also introduced Winborne, who testified that upon hearing some one screaming on the street and knocking at her door, she opened it, and the prosecutrix came in greatly frightened; and she further testified (the defendant objecting) as to what the prosecutrix told her about having been followed and caught by a man, in the manner testified to by the prosecutrix. This conservation was admitted as corroborative evidence, and the defendant excepted. There was no other testimony introduced.
The defendant requested the court to charge the jury:
1. That there was no evidence fit to be left to the jury as to the intent charged in the indictment, and that the matter of intent being so much in the dark, the jury cannot reasonably convict the defendant.
2. That there is not sufficient evidence to sustain the charge of an assault on the prosecutrix with a felonious intent to have carnal knowledge of her person by force and against her will.
3. That the evidence should show, not only an assault, but that the defendant intended to gratify his passion, and that he intended to do so at all hazard. *Page 523 
The court declined to give the first and second instructions, but gave the third.
Verdict of guilty; judgment; appeal by the defendant.
It sufficiently appears from the record in this case, that the cross-examination of the prosecutrix tended and was intended to impeach her. Hence, the corroborative testimony introduced by the state to sustain her, competent and properly received. March v. Harrell, 1 Jones, 329; State
v. Laxton, 78 N.C. 564.
The testimony of the corroborating witness was admissible on other grounds, to which we need not now advert.
The Testimony of the prosecutrix was pertinent, and tended strongly to prove the intent charged in the indictment, if the jury believed it. it was such as might fairly, reasonably warrant them in finding a verdict of guilty. We cannot hesitate to hold, that there was evidence to go to the jury tending to prove the intent charged. This case is very different, in respect to the facts, from that of the State v. Massey, 86 N.C. 658, and it is made stronger as to the question of intent, than that of the State v.Neely, 74 N.C. 425.
No error. Affirmed.