STATE v. TONY ROGERS.

*Criminal Law—Confessions by Prisoner—Examination of Prisoner when Manacled—Duty of Committing Magistrate to Caution Prisoner.*

1. Where, on a trial for murder, it did not appear that the prisoner asked and was denied time and opportunity to advise with counsel prior to making his statement before a committing magistrate, the confessions of the prisoner will not be excluded as evidence on the ground that he did not have such time and opportunity.

2. While the practice, if it exists, of keeping a prisoner tied or manacled during the preliminary examination before a committing magistrate is not to be commended, yet the fact that a prisoner charged with murder was so tied during such examination would not, in itself, constitute a valid objection to the admission, as evidence, of confessions then made, unless it appeared that he was tied in such manner as to produce pain or to tend to induce or extort from him a confession.

3. It is not necessary that a committing magistrate at the commence-
     ment of the examination of a prisoner shall use the precise words
     of the statute (*The Code*, §1146) in giving the caution therein pre-
     scribed, but it is sufficient if there be a substantial compliance
     with the requirements of the statute and if the magistrate
     inform the prisoner, in plain language, of his rights in the
     premises.

4. On the trial of a prisoner charged with poisoning his wife the Court
     properly refused to allow counsel for defendant, while addressing
     the jury, to read to them from a treatise on toxicology, which
     could not have been admitted as evidence, and concerning which
     no witness had been examined.

This was an INDICTMENT for murder, tried before *Winston,*
*J.,* and a jury, at December Term, 1892, of RICHMOND
Superior Court.

The State offered evidence tending to prove that the pris-
oner bought a box of "Rough on Rats" at Laurinburg on a
certain Saturday; that prisoner inquired when he bought
it whether it would kill people, and was told that it would
and was cautioned to keep it out of the way of children and
his "eatables"; that he carried it home and administered
part of it to his wife, Rhoda Rogers, who died from the
effects thereof on the next day, Sunday.

M. J. Edwards, a witness for the State, was offered for the
purpose of proving confessions of the prisoner. Witness
testified: "I was committing Justice; warned him and told
him of his rights under the statute, and told him if he did
not choose to testify the failure to do so would not be used
to his prejudice; that he was at liberty to refuse; that he
need not testify if he did not wish to do so; read the war-
rant to him and informed him of the charge; the prisoner
was tied at the time paper was read over to him, but not
frightened, and he signed it with his mark."

The State proposed to read the paper above referred to as
a confession of the prisoner. The prisoner's counsel objected
upon the grounds:

1. Because the prisoner was not allowed a reasonable time to send for and advise with counsel.

2. Because the prisoner was tied while being examined.

, 3. Because the prisoner was not told and cautioned that he was at liberty to refuse to answer any question that might be put to him.

4. Because the prisoner was not cautioned that his refusal to answer should not be used to his prejudice at any stage of the proceedings.

The defendant was convicted, and appealed.

*The Attorney General,* for the State.

*Mr. W. H. Neal,* for the defendant (appellant).

MacRae, J. (after stating the facts): There is nothing in the case to indicate that the prisoner was not allowed a reasonable time to send for and advise with counsel, as suggested in the first ground of exception to the admissibility of his statement upon preliminary examination before the committing magistrate. If it had been made to appear that he had asked and was denied such time and opportunity a serious question might have arisen as to the admissibility of his statements.

The fact that the prisoner was tied during his examination would not in itself constitute a valid objection to the evidence, unless it appeared that he was tied in such a manner as to produce pain or to tend to induce or extort from him a confession. *State* v. *Cruse,* 74 N. C., 491.

We do not commend the practice, however, if such there be, of keeping the prisoner shackled or tied while before the committing magistrate on the preliminary examination. The law should be the same there as upon his trial; the dictates of humanity would require that unless there should be some strong reason to the contrary he should be freed

from such physical restraint. In a note to Wharton's Cr. Pl. & Pr., sec. 699, quoting from 2 Hawks, ch. 28, and from other authorities, it is well said in regard to his arraignment: "The prisoner is to be brought to the bar without irons, shackles or other restraint, unless there be danger of escape; and ought to be used with all the humanity and gentleness which is consistent with the nature of the thing, and under no terror or uneasiness other than what proceeds from a sense of his guilt or the misfortune of his present circumstances."

The statute, section 1146 of *The Code*, is in these words: "At the commencement of the examination the prisoner shall be informed by the magistrate that he is at liberty to refuse to answer any question that may be put to him, and that his refusal to answer shall not be used to his prejudice in any stage of the proceedings."

The testimony of the committing magistrate, as set out above, shows a substantial and full compliance with the requirements of the law. We do not understand it to be necessary that the magistrate shall use the precise words of the statute in giving the prescribed caution; indeed, it might be better in some instances to give it in simpler language. It should always be plain enough to inform him of his rights in the premises.

We find another exception noted: "Counsel proposed to read to the jury in the course of the argument from 'Rule's Toxicology,' etc., which the Court declined to permit him to do, the same not having been offered in evidence, and not being under oath, and no witness having been examined concerning the same. The defendant excepted to this ruling of the Court."

The book itself could not have been offered in evidence, neither could it be read by counsel as part of his argu-

ment.    The matter was very fully discussed and explained
by Mr. Justice BYNUM in *Huffman* v. *Click*, 77 N. C., 55.

We have carefully examined the record in this case and
find

No Error.                              Judgment Affirmed.