STATE v. CORNELIUS SHINES.

(Decided December 23, 1899.)

*Indictment—Stable and Barn Burning—Circumstantial Evidence.*

1. Where the circumstantial evidence connecting the prisoner with the crime composes a chain, each circumstance depends upon the truth of the preceding one, and the chain is no stronger than the weakest link.

2. Ordinarily, the circumstances accumulate, each by itself being of no great force, but, becoming united, they may acquire great strength, like strands when twisted into a cable.

3. While the trial Judge submits the evidence to the jury, he does so subject to his power to set aside the verdict against the prisoner, if, in his opinion, not sufficiently supported by the evidence.

INDICTMENT against the prisoner for setting fire to the barn and stable of Dr. R. J. Williams, tried before *Timberlake, J.,* at March Term, 1899, of PENDER Superior Court. The evidence was circumstantial, and at its close, the prisoner requested the Court to charge the jury that there were not sufficient facts for them to convict. His Honor declined so to charge, and prisoner excepted. There was a verdict of guilty. Motion for new trial, upon the ground that the evidence was insufficient to justify a verdict of guilty. Motion refused. Defendant excepted. Judgment of imprisonment in the State Prison at hard labor for the term of ten years. Appeal by defendant to Supreme Court.

A compendium of the evidence is contained in the opinion.

*Messrs. L. V. Grady* and *H. L. Stevens,* for appellant.
*Attorney-General,* for State.

CLARK, J.   The prisoner was convicted of setting fire to a barn and stables.   The only exception is to the refusal of a prayer that there was no evidence to justify submitting the case to the jury.   It was in evidence that at daylight next morning, after the burning,tracks were found around the barn and stables and leading off in the direction of the prisoner's house, which, when followed up, came into the road about fifty yards from and opposite his house; that going on to the prisoner's house, his shoes, which were a new pair, were taken and were found to exactly fit the aforesaid tracks around the barn and stable; also that a short time prior thereto the prisoner had had two difficulties with the owner of the barn and stables, about different matters, and became very angry; that he said to one witness shortly before the fire that he was "mad with Dr. Williams (the owner of the barn and stables), and that he would burn his tail," and he also said he "would go down to Dr. Williams' and do him up."   Other witnesses testified to the same or similar threats shortly before the fire; also, other witnesses testified to seeing the prisoner's shoes tried in the tracks around the barn and stables, and that they fitted.   The prisoner, on cross-examination, said he saw the light of the fire at Dr. Williams' that night, but did not go out of his house, nor give any alarm.

Upon this evidence the Judge properly submitted the case to the jury (*State v. Green,* 117 N. C., 695; *State v. Kiger,* 115 N. C., 746), subject to his power to set aside the verdict, if the Court did not deem the verdict was altogether sufficiently supported by the evidence, which power the Court saw fit not to exercise.

There was certainly evidence from which an inference of guilt might be properly drawn.

There are cases of circumstantial evidence in which each circumstance depends upon the truth of the preceding one, in

STATE *v.* HICKS.

which case the evidence may be likened to a chain which is no stronger than its weakest link, but usually that simile is inapplicable. Ordinarily, the circumstances accumulate, each one by itself being of no great weight, but like the bundle of twigs in the fable, or the several strands twisted into a rope or cable, becoming, when united, of great strength. *State v. Christmas,* 101 N. C., 749; *State v. Powell,* 94 N. C., 965; *State v. Mitchell,* 89 N. C., 521; *State v. Wilson,* 76 N. C., 120; *State v. Thompson,* 97 N. C., 496. In *State v. Rhodes,* 111 N. C., 647, there was no evidence against the defendant except threats.

No error.

FAIRCLOTH, C. J., dissents.