STATE v. NORMAN KING.

(Filed 5 March, 1913.)

1. **Evidence — Crimes — Voluntary Statements—Caution of Magistrate—Interpretation .of Statutes—Substantial Compliance.**

   A voluntary statement made by one·accused of a crime, before the committing magistrate, may be testified to in the Superior Court, when it appears that the prisoner expressed a desire to make it, in response to the magistrate's questions, who then cautioned him that he need not make the statement unless he wished, and that his refusal to do so or answer questions would not be taken against him, this being a substantial compliance with the statute, which is all that is required. Revisal, sec. 3194.

2. **Evidence, Circumstantial—Crimes—Burnings—Questions for Jury.**

   . Circumstantial evidence is sufficient to convict a defendant charged with the burning of a barn which uncontradictedly shows a motive, in being previously ordered off the premises; that after the burning he left the locality and passed under an assumed name; that he made false statements as to his being at a different place at the time; that upon his return to this location he asked a witness what had taken place in his absence, and upon seeing the foreman of the owner of the barn, said, "Hush! don't say anything"; these and other circumstances being insufficient when taken alone, but collectively sufficient for the jury to pass upon, determine its weight, and draw an inference of guilt.

APPEAL by defendant from *Cline, J.,* at August Term, 1912, of FRANKLIN.

*Attorney-General for the State.*
*W. M. Person for defendant.*

CLARK, C. J. The defendant and one Egerton were indicted for setting fire to a feed barn, the property of F. B. McKinne. A *nol. pros.* was entered as to Egerton during the trial. The voluntary statement of the defendant under Revisal, 3194, at the magistrate's trial, was offered, as to which the judge found the following facts: "The magistrate said to King, 'Do you wish to make a statement about the matter?' To which he replied, 'Yes, sir.' The magistrate then cautioned him: 'You need not make any statement, unless you wish. You

need not answer any questions, and if you do not make a state-
ment or answer any questions, it will not be taken against you.'
King still said he wanted to make a statement, and did so, and
was questioned by counsel." His Honor· properly held this
evidence competent. It is sufficient ·if the statute is substan-
tially complied with. *S. v. DeGraff,* 113 N. C., 688; *S. v.
Rogers,* 112 N. C., 874. .In *S. v. Parker,* 132 N. C., 1017, relied
on by the defendant, the defendant had been sworn, which was
contrary to the requirement of this section, and hence it was
held that the statement, being under the compulsion of an oath,
was not competent under Revisal, 3194. Also, it did not appear,
as it does in this case, how the accused was cautioned, but it
was merely stated that he had been "cautioned." In *S. v.·
Simpson,* 133 N. C., 678, *S. v. Parker* is referred to, and the
above distinction is pointed out.

The only other exception is that the evidence was not suf-
ficient to be submitted to the jury. The evidence for the
State tends to show that the feed barn of F. B. McKinne in
Franklin County was burned between 7 and 8 o'clock on the
evening of 9 March, 1912. This barn stood in the rear of the
foreman's house about 200 yards. The defendant was employed
on a place about one-half mile from the barn. The foreman
testified that that afternoon both the defendants were present
while he was engaged in running a fence to the barn; that they
interfered with his hands, and he made them leave; that while
milking that night he heard some persons talking coming up
to the barn, and soon afterwards he found the barn on fire.
On the next day he saw the tracks of two shoes, one 7 or 8 in
size and the other a 9 or 10. The defendant, King, left the
neighborhood shortly after the fire, and was not seen any more
till the trial before the magistrate. F. B. McKinne, the owner
of the property, testified that thereafter he saw the defendant
in Nash County, going under the name of Bud Perry, and that
before the magistrate King said that he was at Ellis's store,
picking the guitar, 30 minutes before the fire broke out. Ellis,
a witness for the State, testified that he was at his store that
night, but King .did not come there that night, and that he

heard no music. Spivey, a witness for the State, testified that shortly·after the fire King said to him that they were "accusing him of the fire, and he believed he would go off a little while." He left, and two weeks later came to the house of the witness, and asked him "what had been stirring since he had been gone." The witness said that Mr. Harris, the foreman, came by the house just then and the defendant said: "Hush! don't say anything."

The above evidence, it is true, is not very strong, but it is very rarely so in cases of this kind, for the act is done stealthily, and direct evidence, or even strong circumstantial evidence, cannot ordinarily be procured. This evidence shows that the defendant was on the premises near the barn the afternoon of the fire; that he was ordered away because of some interference with the hands; that two people came up to the barn that evening after dusk, and soon afterwards the fire broke out; that the defendant said that they were "accusing him of the fire, and that he would leave"; that he was afterwards seen in an adjoining county, passing under an assumed name; that at the trial before the magistrate he stated that he was at Ellis's store 30 minutes before the fire, picking a guitar, and Ellis testified that he was not there that evening, and there was no music.

All these are circumstances which, taken together and uncontradicted by any testimony of an alibi or otherwise, satisfied the jury that they were the actions of a guilty man. There was sufficient evidence to submit the case to the jury, and twelve impartial men have said that there was sufficient to satisfy them. We cannot say that there was no evidence beyond a scintilla. There was motive, being ordered off the premises; flight; passing under an assumed name; false statements as to being at Ellis's store just before the fire, at the very time when two persons, as shown by the talking and the tracks, came up to the barn just before the fire broke out, and defendant's inquiry on his return, and his caution, "Hush!" when the foreman passed. The jury believed this conduct, unexplained, proof of guilt.

There being some evidence, its weight and the inference to be drawn from it was a matter for the jury, and not to be de-

termined as a question of law by the court. No one circumstance in this case would be sufficient for conviction, but it is not a case where there is a chain of consecutive circumstances which would be no stronger than the weakest link therein. But it is rather like a bundle of sticks, each of which may be weak in itself, but when combined cannot easily be broken.

The case was fairly submitted to the jury by the judge in a charge to which there was no exception other than above stated, and we find

No error.