The defendants were indicted for burning a barn belonging to Will Goodson. They were convicted and sentenced to the State's Prison for a term of seven years.
The defendants offered no evidence.
The evidence for the State tended to show that the barn was burned about 1:30 at night. The evidence for the State further tended to show that a car stopped in the road about two or three hundred yards from the barn and in about five minutes after the car left the fire was discovered. The defendants live about two hundred yards from the house of Goodson, the prosecuting witness. There was evidence that in the forepart of the night upon which the fire occurred that the defendant Trull had said to his codefendant that "Will Goodson had better keep his mouth off him." There was evidence that the defendants went to the house of Miss Opal Trull, a school teacher, about 1:30 at night, and that the defendant Bud Trull asked her "to take him somewhere. . . . down the road a little piece." This witness testified that she drove the defendants to their home, where they got out of the car and went in the house and sat by the fire and talked, and that fifteen or twenty minutes later they drove "back down the road to where it turns from Bud's house." She said: "We stopped a little below where the mark goes out to the road along about there. I don't know how far the road is from Mr. Goodson's barn. . . . When we stopped Bud and Brownlow got out and Bud asked me if I would stay until they came back. Brownlow didn't say anything to me. . . . They went out the road. We stayed in the car. We stayed in there about ten or fifteen minutes. I do not know from which direction they came back to the car. They were at the car the first time I saw them. Then we went straight to *Page 855 
Luther and from there to Asheville. Luther is where the Jugtown road hits the highway. . . . I cannot say exactly what time we got to the main highway. . . . There is a clock at Enka. We passed Enka about 1:30 on the Enka tower. I went out with Love Gudger and Mr. Roberts and pointed out to them where I parked my car that night when they got out. I pulled off the side of the road when I parked." Deputy Sheriff Gudger testified that the witness Opal Trull pointed out to him the place where the car stopped and that this point was about two hundred and fifty yards from the barn of Mr. Goodson. He further testified that he saw tracks leading from the direction of the barn to a point near where the car was parked. The sheriff of Buncombe County testified that on the night of the fire "I saw some tracks leading from where the barn burned out to where this automobile was parked on the Jugtown road. The ground was fresh and fresh tracks, two tracks, I mean the tracks of men about thirty-five or forty yards from Jugtown road where the car was parked. . . . There were fresh tracks looked like running. . . . I had to run in them. They went into that brush heap, and whoever was running had fallen down there. Bud Trull . . . was arrested the next day after the fire. His socks were torn around his ankles. I went to Bud Trull's house that night. . . . I found two pairs of shoes sitting by the bed in the back room. One of the shoes was a heavy pair of work shoes with iron plate around the heel, and inside that iron heel was fresh dirt packed in there. . . . When we took the shoes and put them in the tracks I would not say they fit perfectly. It was fresh ground and plowed in. It was the same size, but I would not swear positively as to them being the tracks because the dirt was rolled down in it. The dirt in the shoes was damp, wet at the time in one pair."
From the judgment pronounced the defendants appealed.
The only exception in the record challenges the sufficiency of the evidence and the submittal of the case to the jury. The facts and circumstances bring the case within the principles heretofore applied in S.v. Shines, 125 N.C. 730, 34 S.E. 552; S. v. Allen, 149 N.C. 458,62 S.E. 597; S. v. King, 162 N.C. 580, 77 S.E. 301; S. v. Clark,173 N.C. 739, 91 S.E. 372.
No error.
SCHENCK, J., took no part in the consideration or decision of this case. *Page 856