FOWLER-BARHAM FORD, INC., WILDOR ENTERPRISES, INC., AND W. B. FOWLER v. INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY

———————

WILL B. FOWLER AND WILDOR ENTERPRISES, INC. v. CHEROKEE IN-SURANCE COMPANY

No. 7911SC533

(Filed 18 March 1980)

1. **Insurance § 121— fire insurance—increasing hazard by intentionally setting fire—sufficiency of evidence**

    Defendant insurer's evidence was sufficient to support a jury finding that plaintiffs were not entitled to recover on a fire insurance policy because they increased the hazard insured against by intentionally burning the insured property where it tended to show that the individual plaintiff was alone at the insured premises when the fire occurred; plaintiffs were faced with financial difficulties; five areas in the insured premises were points of origin of the fire; classic flammable liquid patterns were found at those five points; and the fire was not accidental.

2. **Evidence § 22.2— fire insurance—intentional burning—absence of criminal charges against plaintiff—inadmissibility**

In an action on a fire insurance policy in which defendant insurer's evidence tended to show that the individual plaintiff intentionally burned the insured premises, the trial court properly refused to permit plaintiffs to elicit testimony from an S.B.I. agent who testified as an expert in fire investigation that no criminal charges had been filed against the individual plaintiff, since only a criminal conviction based on a plea of guilty would be admissible on the question of liability in a civil action.

3. **Insurance § 121— fire insurance—insured's increase of hazard—instructions**

In an action on a fire insurance policy, the trial court adequately instructed the jury on defendant insurer's defense that the hazard insured against was increased by means within the control or knowledge of plaintiff insureds.

APPEAL by plaintiffs from *Tillery, Judge*. Judgment entered 30 October 1978 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 11 January 1980.

In these civil actions, plaintiff W. B. Fowler (hereinafter Fowler) was, at all times relevant hereto, president, major stockholder, and agent of plaintiffs Fowler-Barham Ford, Inc. (hereinafter Fowler-Barham Ford) and Wildor Enterprises, Inc. (hereinafter Wildor). Fowler-Barham Ford operated an automobile dealership in Warrenton, and Wildor owned the improved properties upon which the dealership was located. In their complaints against defendants Indiana Lumbermens Mutual Insurance Company (hereinafter Indiana) and Cherokee Insurance Company (hereinafter Cherokee), the companies which issued the insurance policies sued upon by plaintiffs, plaintiffs alleged losses as a result of a 10 January 1976 fire in the approximate amount of $257,708.

In their answer, defendants admitted the losses, but alleged that they were not obligated to pay, because the losses occurred while the hazard was increased by means within the control or knowledge of plaintiffs in violation of the policy contents, and because each policy contained the following provision, *inter alia*:

"This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact, or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein,

or in case of any fraud or false swearing by the insured relating thereto. . . . conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto, this company shall not be liable for loss occurring while the hazard is increased by any means within the control or knowledge of the insured."

Defendants' evidence will be set out in the opinion.

The jury answered issues against plaintiffs. The trial court denied plaintiffs' post-trial motions that the verdict of the jury be set aside for errors committed in the trial, for a new trial, and for a judgment notwithstanding the verdict. Plaintiffs appealed.

*Mast, Tew, Nall, Moore & Lucas, by George B. Mast and Joseph T. Nall, for plaintiff appellants.*

*Young, Moore, Henderson & Alvis, by Joseph W. Yates III and Jerry S. Alvis, for defendant appellees.*

ERWIN, Judge.

Plaintiffs present three questions for our determination on this appeal. We find no error in the trial for the reasons that follow.

## Question No. 1

[1]      "1. Did the trial court err in denying plaintiffs' motion for directed verdict at the conclusion of defendants' evidence and at the conclusion of all the evidence, in submitting issue four to the jury and in denying plaintiffs' post-trial motions, in view of the evidence of the defendants, which taken in the light most favorable to each of them, failed to reveal that any of the plaintiffs increased the hazard insured against by any means within the control or knowledge of the plaintiffs?"

We answer, "No."

Plaintiffs contend:

"[T]hat all of the evidence of defendants, taken in the light most favorable to them, failed to reveal that plaintiffs increased the hazard insured against by intentionally burning the premises, or that even if the premises were intentionally

burned, that any of the plaintiffs burned or procured the burning of insured property. Further, defendants' evidence was based upon speculation and surmise, and therefore was not probative on the issue submitted to the jury as to whether or not plaintiffs increased the hazard insured against."

We do not agree. The trial court cannot direct a verdict under G.S. 1A-1, Rule 50, of the Rules of Civil Procedure in favor of the party having the burden of proof when his right to recover depends upon the credibility of his witnesses, since it is the established policy of this State — declared in both the Constitution and the statutes — that the credibility of testimony is for the jury, not the court, and that a genuine issue of fact must be tried by a jury unless the right is waived. Defendants' denial of allegations of fact necessary to plaintiffs' right of recovery is sufficient to raise an issue of those facts, and defendants offered evidence to contradict those facts. *See Rose v. Motor Sales*, 288 N.C. 53, 215 S.E. 2d 573 (1975).

Ordinarily, there is no direct evidence of the cause of a fire, and therefore, causation must be established by circumstantial evidence. *See Stone v. Texas Co.*, 180 N.C. 546, 105 S.E. 425 (1920). It is true that there must be a causal connection between the fire and its supposed origin, but this may be shown by reasonable inference from the admitted or known facts. *Simmons v. Lumber Co.*, 174 N.C. 221, 93 S.E. 736 (1917). The evidence must show that the more reasonable probability is that the fire was caused by the plaintiffs or an instrumentality solely within their control. *See Simmons v. Lumber Co., supra; Collins v. Furniture Co.*, 16 N.C. App. 690, 193 S.E. 2d 284 (1972).

At the time the trial court ruled on plaintiffs' motion, defendants' evidence tended to show the following.

Plaintiffs had the opportunity to have acquiesced in or to have controlled the incendiary fire, in that plaintiff Fowler was present and alone at the dealership when the fire occurred. Plaintiffs were faced with financial difficulties giving rise to a legitimate inference from which a jury could find that plaintiffs had a motive to seek funds from defendants via a fire.

Defendants' properly admitted testimony clearly showed that five areas were sources or points of origin of the fire, that at these points, classic flammable liquid patterns were found, and that the fire was not accidental.

John Carroll, an expert in the field of fires and fire investigations, testified that he first visited the fire scene on 15 January 1976; that he found five areas that were sources or points of origin of this fire; and that these points of origin were where he found classic flammable liquid patterns. Four of these patterns were found in the office area proper, the hallway outside the furnace room door, the cashier's area, and the closet of the office. He further testified that, in his opinion, the fire was not accidental, there being no sources for accidental ignition in the areas of the points of origin, and that the fire did not originate in the areas of the furnace or balcony. On cross-examination, Carroll testified that he did not know that furniture was removed from the office area during the fire and that he only layered and cleared the hallway and the office areas.

Dr. Charles R. Manning, Professor of Materials Engineering at North Carolina State University, testified that he first visited the fire scene around 20 January 1976 and visited the scene on two other occasions. Dr. Manning came to the same conclusions as Mr. Carroll. In addition, Dr. Manning stated that there were liquid patterns in the five points of origin and that fuel oil from the area of the furnace could not have gone to the areas where he found these patterns. Manning further testified that from his examination of the furnace area including the ceramic liner from the furnace and the lines coming from the furnace, his opinion was that the furnace did not malfunction.

Joseph Momier, an SBI agent and expert in the field of fire investigation, testified that he visited the scene of the fire on the date of the fire and on five other occasions. Momier came to conclusions similar to the other experts. He further concluded that the charred and broken tile in and near the office area indicated that an accelerant had been ignited on the floor in this area.

From the evidence presented, we hold that such was sufficient to submit the issue to the jury and to support a verdict thereon. The following sums up our conclusion:

"When each circumstance going to make up the evidence relied upon depends upon the truth of the preceding circumstance, circumstantial evidence may be likened unto a chain, which is no stronger than its weakest link; but, as in this case, when there is an accumulation of circumstances which do not depend upon each other, circumstantial evidence is more aptly likened to the bundle of twigs in the fable, or to several strands twisted into a rope, becoming, when united, of much strength. *S. v. Shines*, 125 N.C., 730."

*State v. Moses*, 207 N.C. 139, 141, 176 S.E. 267, 268 (1934). We find no merit in this assignment of error.

<u>Question No. 2</u>

[2] "Did the trial court err in admitting evidence which tended to cloak this civil trial with criminal innuendo and in preventing the witness Momier from stating that no criminal charges had been filed against the plaintiff Fowler?"

A motion *in limine* was made by defendants and allowed by the trial court. The court instructed plaintiffs not to elicit testimony from the witness, Joseph Momier, SBI agent, that no criminal charges had been filed against Fowler. Plaintiffs contend that the testimony was prejudicial and that defendants' motion *in limine* prevented plaintiff Fowler from negating the sting of criminal innuendo achieved by identifying witness Carroll. We do not find prejudicial error.

Whether plaintiff Fowler was charged or was not charged with the matters complained of would not be competent on any issues before the court in this action. *Beanblossom v. Thomas*, 266 N.C. 181, 146 S.E. 2d 36 (1966). The rule in this State is that evidence of a defendant's conviction in a criminal prosecution for the very acts which constitute the basis of the liability sought to be established in a civil suit is not admissible unless such conviction is based on a plea of guilty. *Trust Co. v. Pollard*, 256 N.C. 77, 123 S.E. 2d 104 (1961); 1 Stansbury's N.C. Evidence (Brandis Rev. 1973), § 112. Plaintiff Fowler requested the answer to show one of two things: (1) to impeach the witness Momier, SBI agent; or (2) that in the opinion of the witness, Fowler was not at fault in initiating the fire. Both were improper. We overrule this assignment of error.

### Question No. 3

[3] "Did the trial court adequately explain the law applicable to each issue in controversy?"

Plaintiffs contend:

> "The Court's instructions to the jury are devoid of any explanation of the affirmative defense raised by the defendants that the hazard insured against was increased by means within the control or knowledge of the insureds. Nor did the Court define the term accidental or limit the scope of the term 'increased by any means.'"

We note that the parties did not request the trial court to give any special instructions. At the close of the charge, the court asked, "Are there any further instructions that either the plaintiffs or the defendants would like to come up and talk with me about?" The answers were: "None from the plaintiffs"; defendants replied, "No, sir."

The court instructed the jury, *inter alia*:

> "So, if you find from the evidence on that issue, and by its greater weight, the burden being on the defendants to so satisfy you, that the loss insured against, that is, fire, was increased by any means within the control or knowledge of Mr. Fowler, or Fowler-Barham Ford, or Wildor Enterprises, Incorporated—if you find that to be so by the greater weight of the evidence—you should answer that issue 'yes,' which is as the defendants say you should answer it.
>
> If, on the other hand, you fail to so find, or after a fair and impartial consideration of the evidence, you are unable to say where the truth lies, you should answer that issue 'no,' which is as the plaintiffs say you should answer it."

We hold that the charge of the court was clear, sufficient on all issues, and without error. The word, "accident," did not require defining. The common usage and meaning to the general public is very clear. We find no error in the charge of the court.

### Result

In the trial, we find

No error.

Judges CLARK and ARNOLD concur.