P. M. MULL and others v. GEORGE MARTIN and others.

*Witness—Interest—Communication with deceased Person.*

1. An interest in the thing in controversy does not disable a witness to testify as to a communication with one deceased; the disqualifying interest is an interest in the event of the action.

2. The rule as to interest is, that if the verdict in the case cannot be given in evidence in another suit to which the witness may be a party, he shall be deemed disinterested.

(*Harrison* v. *Harrison*, 2 Hay., 355, cited and approved.)

CIVIL ACTION to recover land tried at Spring Term, 1881, of BURKE Superior Court, before *McKoy, J.*

The following issues were submitted to the jury:

1. Are the plaintiffs the owners of and entitled to the possession of the lands described in the complaint?    Answer, they are.

2. Were the defendants in possession of the land and wrongfully withholding the same?    Answer—they are in possession thereof.    (The same is admitted by the answer.)

The jury found a verdict for the plaintiffs, judgment, appeal by defendants.

*Messrs. Jones & Avery* and *Battle & Mordecai*, for plaintiffs. *Mr. George N. Folk*, for defendants.

ASHE, J.    This case is encumbered with a considerable

mass of superfluous matter that has nothing to do with the points involved in the appeal. We have time and again admonished clerks and counsel that it is only necessary to send up so much of the record as is necessary to show the grounds of the exceptions, but in this case which is an appeal assigning errors in the charge of His Honor to the jury and his ruling in excluding evidence on the trial, the transcript contains all the affidavits and rulings of the court on a motion for an injunction, which have nothing to do with this appeal.'

There was exception taken to His Honor's ruling in excluding the testimony of one Vanhorn, who claimed the land on the north and west of the land in controversy, and when it was proposed to be proved by said Vanhorn that in a conversation with Mull, the ancestor of the plaintiffs, and under whom they claim title, that the line of marked trees from C to D in the plat of survey—being the fourth line of the plat, was 500 yards south of the line claimed by the plaintiffs, the court excluded the testimony on the ground that the plaintiffs claimed the land under Mull with whom the witness had the conversation, and that he was dead, and that the witness had an interest in the thing in controversy.

We do not understand the rule to be that an interest in the thing in controversy is sufficient to exclude testimony; but to make a witness incompetent under the Code, section 343, it is necessary that he should have an interest in the event of the action. Here, the witness Vanhorn had an interest in locating the line claimed by the plaintiffs as far south as possible, but that was an interest only in the question which would not disqualify him. The witness had no interest in the event of the action. No judgment in the action in which he was offered to prove this fact, could be used as evidence against him in any controversy that might

hereafter arise between either the plaintiffs or defendants in this action, and the witness or his alienees.

In the case of *Harrison* v. *Harrison,* 2 Haywood 355, Judge HALL says, the rule is, if the verdict in the case cannot be given in evidence in a suit against the witness, he shall be deemed disinterested. It could not be given in evidence against him because it would be "*res inter alios acta.*"

There is error. Let this be certified.

Error.                                        Reversed.