### STATE v. WILLIAM ELLIS.

*Evidence—Confessions.*

1. A defendant in a criminal matter can only be examined as a witness by his own request, but if he does make the request and is examined, his statements can be used as evidence against him.

2. Where a prisoner made certain confessions which were induced by hope, and therefore inadmissible, but a day or so after, upon his examination before a committing magistrate, he asked to be examined as a witness on his own behalf, when he admitted that he had made the confessions, but said that they were not true; *It was held,* that his evidence given before the magistrate was admissible against him, and it was for the jury to say whether they believed the confession, or that part of his evidence declaring that the confessions were not true.

(*State* v. *Roberts,* 1 Dev., 259; *State* v. *Whitfield,* 70 N. C., 536; *State* v. *Lawhorn,* 66 N. C., 638; *State* v. *Efler,* 85 N. C., 587; cited and approved).

This was a CRIMINAL ACTION, tried before *Graves, Judge,* at Fall Term, 1886, of LINCOLN Superior Court.

The defendant was indicted for larceny of money, the property of one W. C. Putman. It was in evidence, that in

August, 1886, the defendant was a servant in a hotel in the town of Lincolnton, and was discharged from service on the morning of the day on which money was taken from the trunk of Putman, in the hotel. In a few days after, he was arrested in Spartanburg, South Carolina, and imprisoned. While he was in prison in that State, (and in the presence of an officer from Lincolnton, who had gone after him,) he was told by the officer in whose charge he was that he had better confess to the stealing, and compromise it when he returned to Lincolnton, and he would be released. On this representation, the prisoner confessed the crime when he got to Lincolnton on the next day, to Putman. who had lost the money, and proposed to compromise it with him. This confession was objected to by counsel for the prisoner and ruled out.

On the same day, after this confession, the prisoner was arraigned before a justice of the peace, who was offered as a witness on the trial, to prove the admissions and confessions of the prisoner while on trial before him. This was objected to but admitted by the Court, and the defendant excepted. The magistrate stated that the prisoner was sworn at his own request, before him, on the trial, after having been properly cautioned; that the prisoner stated that he had made the confession to W. C. Putman, under the belief that he could compromise it, and that he would be released, as advised by the jailor in South Carolina, but that he had not stolen the money. There was a verdict of guilty, judgment, and appeal.

*The Attorney-General,* for the State.
*Mr. J. F. Hoke,* for the defendant.

DAVIS, J., (after stating the facts). The objection to the admission of the confession, made upon the suggestion of the jailor in South Carolina was sustained, and it is insisted by counsel for the defendant that the statement made on

the trial before the magistrate was made under the continuing inducement that prompted the first confession, and ought to be excluded. It will be observed that the confession was made the day after the suggestion made to the prisoner in South Carolina. In the case of *State* v. *Roberts,* 1 Dev., 259, HENDERSON, J., said: " But, it is said, and said with truth, that confessions induced by hope, or extorted by fear, are, of all kinds of evidence, the least to be relied on, and are therefore to be entirely rejected." In the same case, TAYLOR, C. J., in speaking of the admissibility of confessions made two or three days after the confession made under duress, and therefore excluded, said, " before it (the latter confession) is admitted, the Court ought to be thoroughly satisfied that it was voluntary." "It is," says PEARSON, C. J., in the case of *State* v. *Whitfield,* 70 N. C., 356, "contrary to the genius of our free institutions, that any admissions of a party should be heard as evidence against him, unless made voluntarily." In the case of *State* v. *Lawhorn,* 66 N. C., 638, relied on by the defendant's counsel, the first confession made by the accused having been induced by hopes held out to him, the same confession made some time after to the same party was presumed to have resulted from the same motive, and was excluded. Confessions, made under such circumstances, are excluded, upon the ground that they are not voluntary, but if *voluntarily* made, even while under arrest, they are competent. The law now allows the accused to testify in his own behalf; he cannot be made to testify—he may offer himself as a witness in his own behalf, and if he does so, it is voluntary, and must be, "at his own request, but not otherwise." The record states that the defendant was sworn at his own request, and it is difficult to conceive how his statements, made under oath, could be excluded, upon the idea that they were not voluntary. In *State* v. *Efler,* 85 N. C., 587, RUFFIN, J., says: " In declaring him to be a competent witness, we understand the statute to mean, that he

29*

shall occupy the same position as any other witness, be under the same obligations to tell the truth, entitled to the same privileges, receive the same protection, and equally liable to be impeached or discredited."

But admitting the declarations made by the prisoner as a witness in his own behalf before the magistrate, to be competent, it is insisted that the witness stated that he had not stolen the money, and the whole statement must be taken.

The jury must consider all that was said by the witness, but they may believe a part, and disbelieve a part—they are not obliged to believe it all. They may believe that part which charges the prisoner, and disbelieve that which is in his favor, if they are satisfied that one is true and the other not.

It must be borne in mind that the statement made by the defendant was not under the examination provided for in §1145, *et seq.*, of *The Code*, for " such examination shall not be on oath," but it was upon his examination as a witness sworn " at his own request," as allowed by §1353 of *The Code*, and we can see no reason why a statement thus voluntarily made should be excluded.

There is no error. Let this be certified.

No error.                                                    Affirmed.