R. K. PRESNELL v. J. W. GARRISON.

*Action for Specific Performance—Boundaries—Parol Evidence
—Competency—Improper Objection—Exclusion of Improper
Evidence by the Court—New Motion.*

1. On the trial of an action for specific performance of a contract for the purchase of land, the defendant defended on the ground that, as to a part of the land, plaintiff had no title, and plaintiff testified that he and the owner of the adjoining tract (since deceased) had agreed on the dividing line and according to such agreement he, the plaintiff, was the owner of the whole boundary sold to defendant. No party represented the deceased or claimed title under him. The defendant objected to the testimony on the ground that it was incompetent under Section 590 of *The Code.* *Held*, that, while the testimony was incompetent the objection that it was so under Section 590 of *The Code* was untenable, the true reasons for its incompetency being (1) that it was *res inter alios acta* and (2) that plaintiff could not be allowed to prove a title to the land by parol evidence.

2. While it is the general rule that, when a bad ground·has been assigned for an objection to testimony offered below, a good ground cannot be assigned on the hearing of the appeal, yet it is subject to the exception that, where testimony is offered to prove a fact which it is unlawful to prove by·parol, it is the duty of the Court to exclude it without objection.

CIVIL ACTION tried before *Robinson, J.,* and a jury at June, 1897, (Special) Term of BURKE Superior Court. The facts appear in the opinion. There was judgment for the plaintiff and defendant appealed.

*Mr. S. J. Ervin,* for plaintiff.
*Mr. A. C. Avery,* for defendant (appellant).

FURCHES, J.: The defendant purchased a tract of land containing about forty-five acres, from the plaintiff at the price of $3140, paid a part of the purchase money, gave his notes for the balance and took from plaintiff a bond for title, when the purchase money should be paid. The plaintiff brings this action for the balance of the unpaid purchase money, for a specific performance of the contract, and a sale of the land to satisfy the balance of the debt due.

The defendant answers and admits the contract of purchase, the bond for title when the purchase money is paid, and the execution of the note sued on. But he further alleges that the plaintiff has no title to about fifteen acres of said land so purchased, and cannot convey the title to this as he contracted to do, and asks that he be not compelled to take this defective title and be made to pay for the same.

To meet this defence the plaintiff went on the witness stand and testified that he and one George Deal, the grantor of one John Deal, and who is now dead, agreed on a dividing line between plaintiff and said George; and, according to that agreed line, he was the owner of the whole boundary sold to defendant. This evidence was objected to by the defendant, as being incompetent under Section 590 of *The Code.*

The Court overruled the defendant's objection, allowed the evidence and defendant excepted.

This exception cannot be sustained under Section 590 of *The Code.* There was no one representing the estate of George Deal, as a party to the action, nor was there any one claiming title under him a party. *Bunn* v. *Todd,* 107 N. C., 266; *Hhull* v. *Martin,* 85 N. C., 406. It was incompetent as being *res inter alios acta.* It was also incompetent for the reason that plaintiff could not prove title to land by a parol contract. But plaintiff contends that as defendant assigned a bad ground for his objection below, he cannot assign a good ground in this Court, and this seems to be the general rule with regard to such objections to evidence. *Gidney* v. *Moore,* 86 N. C., 484; *Kidder* v. *McIlhenny,* 81 N. C., 123. But to this general rule there are some exceptions, among which is this: That when the law makes the evidence offered improper to prove the fact for which it is offered—that is, to prove a fact that cannot be proved by such evidence—it becomes the duty of the Court to exclude it, without objection. *State* v. *Ballard,* 79 N. C., 627.

If it be true that the plaintiff and George Deal, agreed that the line between them ran where the plaintiff testified that they agreed that it should, this agreement did not change the line made by their deeds. This agreement did not give the plaintiff title to more land than was conveyed to him by his deed, nor did it take any land from George Deal that belonged to him. The law does not allow the title to land to pass by parol contract. *Buckner* v. *Anderson,* 111 N. C., 572.

This evidence being offered to prove a fact that it was unlawful to prove by parol, should not have been allowed, although the objection was put on improper grounds. *State* v. *Ballard,* 79 N. C., 627. The furthest the Court have gone, so far as we have been able to see, is to allow such

agreements in evidence, as tending to locate the true line contained in a deed.

But we do not understand from this record that this testimony was offered for that purpose, but for the purpose of estopping George Deal, and those claiming under him, from claiming title to this fifteen acres. The defendant is not compelled to take a defective title and he should not be compelled to pay for this land until the question of title is settled.

New trial.