STATE v. SIMPSON.

(Filed October 27, 1903.)

1. WITNESSES—*Admissions—Evidence—The Code, sec. 1145.*

The admissions of a prosecuting witness are admissible against him on another trial for the same or any other offense.

2. WITNESSES—*Admissions—Evidence—Defendants—The Code, secs. 1353, 1145.*

Where a defendant, in a prosecution for another crime, testified in his own behalf, after having been informed of his privilege not to testify, admissions made by him are competent evidence against him in a subsequent trial.

3. FORNICATION AND ADULTERY—*Arrest of Judgment—The Code, sec. 1041.*

In a prosecution for fornication and adultery one defendant may be convicted and the other acquitted.

DOUGLAS, J., dissenting.

INDICTMENT against Joe Simpson and Amanda Reed, heard by Judge *C. M. Cooke* and a jury, at August Term, 1903, of the Superior Court of UNION County.  From a verdict of guilty as to Simpson and judgment thereon he appealed.

*Robert D. Gilmer, Attorney-General,* and *Redwine & Stack,* for the State.

*R. W. Lemmond,* for the defendant.

CONNOR, J.  The defendant appellant was, together with Amanda Reed, charged with fornication and adultery.  From

the judgment of the Court, following a conviction, he prosecutes this appeal and assigns errors in the rulings of his Honor.

*Exception 1.* The defendant took out a warrant before M. L. Flow, a justice of the peace, charging Isaiah Reed, the husband of his co-defendant Amanda, with an assault. He was examined as a witness for the State in the trial before the justice, and upon such examination made certain statements which tended to show habitual illicit intercourse with the *feme* defendant. The justice of the peace (Flow) was introduced by the State upon the trial of this cause and asked in regard to such statements. The defendant objected. Thereupon the Court examined the witness respecting the examination of the defendant. Upon such examination the justice of the peace testified that he informed the defendant that he need not answer any question which would criminate him, and that he made the statement voluntarily. His Honor overruled the defendant's objection, and to this ruling and the answers to the qeustions asked the witness the defendant excepted. The answers tended to show admissions by the defendant of habitual criminal intercourse with his co-defendant. The exception cannot be sustained.

This Court has uniformly held that testimony given by a defendant, when examined as a witness at his own request, is admissible against him on another hearing or trial for the same or any other offense. Such admissions and declarations do not come within either the language or the reason of section 1145 of The Code. *State v. Ellis,* 97 N. C., 447. Certainly when the defendant goes upon the stand as the prosecutor in an investigation being had upon a warrant sworn out by himself he cannot claim such indemnity as a defendant who is examined under the provisions of section 1145. If, however, there were any force in the exception for the reason assigned it is met by the fact that he was notified that he

need not give in testimony tending to criminate himself. While it was not necessary that his Honor should find the fact that the declarations were voluntary, we think that such is the reasonable construction of the record. The justice was examined at some length upon this point, and thereupon the defendant's objection was overruled. *State v. Efler,* 85 N. C., 585.

*Exception 2.* The defendant was upon trial before J. A. Clontz, a justice of the peace, upon a charge of burglary, and was sworn as a witness in his own behalf. The justice was asked whether the defendant was notified that he need not testify to any facts tending to criminate him, and answered in the affirmative, saying: "He made this statement voluntarily in his own defense to show the cause of his being in there that night." The testimony was taken down according to agreement between counsel. His Honor admitted the written testimony signed by the defendant, to which he excepted. We are of the opinion that his Honor's ruling in this respect was correct. The defendant testified in his own behalf, as he was entitled to do by section 1353 of The Code, and his testimony taken in writing and signed by him is clearly admissible against him. *State v. Ellis, supra.* In this respect this case is distinguished from *State v. Parker,* 132 N. C., 1014. *Mr. Justice Walker* in that case clearly says that the examination of the defendant was had pursuant to section 1145, and that the simple statement that the witness "was cautioned" was not sufficient to enable the Court to find that the provisions of the section for the protection of the defendant were complied with. In this case it is stated that the defendant, "being duly sworn, testified, etc." It appears that he was represented by counsel before the justice of the peace, and we must assume that appropriate language is used to describe what was done. The fact also appears that he was expressly notified that he need not testify to incriminating

facts. The exception cannot be sustained. This ruling disposes of the fifth exception.

His Honor instructed the jury that there was no evidence proper to be considered by them against the *feme* defendant, and submitted the question of the guilt or innocence of the male defendant under proper instructions. The defendant did not ask for any special instructions. After verdict of guilty he made a motion in arrest of judgment. In this Court the defendant's counsel contended that for this offense, upon the acquittal of one of the defendants, no judgment can be rendered against the one convicted. This was decided in *State v. Mainor,* 28 N. C., 340, and was held as law in this State until doubted in the opinion of *Mr. Justice Davis,* in *State v. Rhinehardt,* 106 N. C., 787. The question came before the Court again in *State v. Cutshall,* 109 N. C., 764, 26 Am. St. Rep., 599, when it was held that an acquittal of one defendant did not work the same result as to the other or prevent the Court from rendering judgment. This result, when first suggested, seems illogical, but for the reasons given in Cutshall's case, and upon the authorities cited, we think it is correct. It is evident that under the peculiar and yet proper provision in section 1041 of The Code the admissions of a defendant, while competent against the one making them, are not competent against the other; a case may, as in this record, be fully made out against one and not against the other. *State v. Ballard,* 79 N. C., 627. A verdict based upon such testimony would, as to the defendant not affected by the admissions, practically be "not proved." The action of his Honor in this case was based upon this principle. He simply decided that there was no evidence against the *feme* defendant. *State v. Lawson,* 123 N. C., 744, 68 Am. St. Rep., 844. It would work a strange result if, as in this case, the male defendant could openly admit habitual illicit intercourse with a woman, and defy the law because there was no competent evidence

against her. We concur in the observations of *Davis, J.*, in Reinhardt's case, *supra*, which were adopted by this Court as the law in Cutshall's case, *supra*. The testimony coming from the male defendant in this case shows a state of lascivious conduct on the part of the *feme* defendant, a married woman, and the male defendant, justifying the very just judgment of his Honor.

No error.

DOUGLAS, J., dissents.