### STATE v. LONNIE VAUGHAN.

(Filed 13 September, 1911.)

**Prisoner's Declarations—Caution—Evidence—Reversible Error.**

Upon a preliminary hearing before a justice of the peace upon a charge of larceny, the magistrate asked the defendant if he desired to be a witness, who responded in the affirmative, and was "sworn" with the other witnesses. It appeared that he was an ignorant young negro, and without counsel: *Held,* the failure of the magistrate to caution him that he was not required to testify and that his refusal to do so would not prejudice him, renders his declarations incompetent as evidence. Revisal, sec. 3194.

APPEAL from *Joseph S. Adams, J.,* at February Term, 1911, of HERTFORD.

Indictment for larceny. There was a verdict of guilty, and from the judgment pronounced the defendant appealed.

*Attorney-General by J. C. Little for the State.*
*Winborne & Winborne for defendant.*

BROWN, J. The insufficiency of the evidence to convict was strongly urged by counsel for defendant, but as there is to be another trial it is unnecessary to pass on the exception. The second exception is to the ruling of the court admitting declarations of the defendant before the justice of the peace upon a preliminary examination, upon the ground that it did not appear that the defendant was duly cautioned in accordance with the statute. Revisal, sec. 3194.

It appears in the record that the justice "swore" the defendant along with all the other witnesses at the preliminary hearing and then asked the defendant if he desired to be a witness. Defendant said he did, and was examined.

The defendant is a young, ignorant negro, and was not represented by counsel before the justice.

We think both the letter and spirit of the statute require that the defendant should have been advised of his rights by the justice, to the effect that he was not required to testify; that he was at liberty to refuse to answer any question put to him, and that his refusal to answer shall not be used to his prejudice. *S. v. Parker,* 132 N. C., 1018; *S. v. Simpson,* 133 N. C., 677.

When the defendant is represented by counsel and placed upon the stand as a witness in his own behalf, no caution is necessary.

In this case the prisoner was not advised of his rights, but was practically invited by the justice to take the stand.

New trial.