STATE v. W. O. LUQUIRE.

(Filed 24 March, 1926.)

**1. Intoxicating Liquor—Evidence—Witnesses—Punishment—Exemptions —Statutes.**

The immunity from punishment of an offender against our prohibition law when testifying against others charged with the same offense, must be claimed by him under the provisions of C. S., 3411(g), which supersedes C. S., 3406, so as to make our statute conform to the Federal Act, whereunder no discovery made by such person shall be used against him and he shall be altogether pardoned for the offense done or participated in by him.

**2. Criminal Law—Constitutional Law—Voluntary Testimony of Offender —Evidence.**

> The evidence in criminal prosecutions that may not be received from the offender, is such as is compulsory, and does not apply to one volunteering his testimony and willingly giving it.

**3. Same—Waiver.**

> An offender against the criminal law relating to prohibition, may waive his constitutional right not to give evidence that would tend to incriminate himself by his voluntary act in so doing.

APPEAL by defendant from *Barnhill, J.,* at January Term, 1926, of WAKE.

The defendant, W. O. Luquire, was arrested at a blockade distillery on or about 1 December, 1925, about the hour of 10:30 o'clock. Deputy sheriff, Joe Lowe, in company with several other officers raided said still near Morrisville, N. C., and discovered four or five men at said still, which was in full operation, but none of the officers present at the still knew the operators or any of those present at said time, all escaping except the defendant, Luquire, and one other. When the cause came on for trial at the December Term, 1925, of Wake Superior Court, the case was continued because same could not be reached and disposed of, and the same was continued to the January Term, 1926. The bill of indictment against the defendant was found at the December Term, 1925. At the January Term, the case, upon motion of the Solicitor, was consolidated with that of Bob Spence, both defendants being tried upon the same state of facts and for the same offense. Both defendants were convicted and the defendant, Luquire, was sentenced for a term of twelve months. Before the trial of the defendant, Luquire, and at the same term of Court, a bill of indictment duly signed by the solicitor was drawn and sent to the grand jury against Eugene Mason and Will Guthrie, charging said parties with having engaged in the manufacture of liquors at the same time and place at which the defendant Luquire was arrested and a true bill was returned in said case. The defendant Luquire, whose name was placed first on the bill of indictment, was the principal witness against said Mason and Guthrie and was directed by officer Lowe to appear before the grand jury and testify. During the trial of the defendant, Luquire, it appeared that he had been used as a witness against other persons alleged to have been at the distillery and defendants' counsel thereupon duly made motion to quash the indictment and asked that the case against the defendant be dismissed and defendant be discharged, as provided by C. S., vol. I, sec. 3406, and C. S., vol. III, sec. 3411 (g).

Upon his Honor's refusal to grant the motion defendant in apt time excepted and gave notice of appeal to the Supreme Court.

STATE *v.* LUQUIRE.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*J. W. Barbee and F. T. Bennett for defendant.*

ADAMS, J. There was ample evidence of the defendant's guilt, and his five exceptions are addressed to the sole question whether he was protected from prosecution by section 3406 or 3411(g) of the Consolidated Statutes. These sections are as follows: "No person shall be excused from testifying on any prosecution for violating any law against the sale or manufacture of intoxicating liquors, but no discovery made by such person shall be used against him in any penal or criminal prosecution, and he shall be altogether pardoned for the offense done or participated in by him." Sec. 3406. "No person shall be excused, on the ground that it may tend to incriminate him or subject him to a penalty or forfeiture, from attending and testifying, or producing books, papers, documents, and other evidence in obedience to a subpœna of any court in any suit or proceeding based upon or growing out of any alleged violation of this article, but no natural person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing as to which, in obedience to a subpœna and under oath, he may so testify or produce evidence; but no person shall be exempt from prosecution and punishment for perjury committed in so testifying." 3 C. S., 3411(g).

Section 3406 was enacted in 1913 (Laws 1913, c. 44, sec. 7), and section 3411(g) in 1923 (Laws 1923, c. 1, sec. 7). The provision last set out is a part of the act which was intended to make the State law conform to the Federal law in relation to intoxicating liquors. In accord with this purpose is section 28 of the act of 1923, which repeals all laws in conflict with it. Section 3411(g) is a reproduction or copy of the National act of 1919 (41 Stat., 317; U. S. Compiled Statutes, 1923, sec. 10138½ (g), and was evidently intended to supersede section 3406. As suggested in the State's brief the latter section has been rewritten and modified and section 3411(g) now constitutes the law within the provisions of which the defendant must bring his claim to immunity from prosecution.

The Constitution provides that in all criminal prosecutions "every man shall have the right . . . not to be compelled to give evidence against himself." But it is compulsion which is inhibited; and the right to invoke the constitutional privilege of exemption from testifying may be waived. *S. v. Thomas,* 98 N. C., 599; *S. v. Allen,* 107 N. C., 805. In *S. v. Mitchell,* 119 N. C., 784, it is said that a party may waive the benefit of a constitutional as well as a statutory provision either by express consent or by failure to assert it in apt time or by conduct inconsistent with a purpose to insist upon it.

31—191

In the present case the defendant did not testify under compulsion. Section 3411(g) relates to testimony given in obedience to a subpœna. A subpœna is process,—a writ or order requiring a person to be present at a designated time and place for the purpose of testifying as a witness. The defendant's appearance before the grand jury as a witness was not in obedience to the process of the court but in response to his expressed desire to give evidence. The presiding judge found as a fact, "The defendant was not subpœnaed, but was called or summoned orally by the officer of the grand jury when the indictment was under consideration, after having expressed a desire to tell what he knew." Having expressed a desire to testify he was permitted to do so; and naturally he did not object to telling what he knew on the ground that his testimony would tend to incriminate him or subject him to a penalty or forfeiture. He must have known as his Honor states, "The evidence before the grand jury was not used or attempted to be used and could not be used against him." In any view of the case he waived his right to claim immunity.

We find

No error.