### STATE v. THOMAS WATSON, J. T. SANFORD, ET AL.

(Filed 22 January, 1936.)

**Constitutional Law F e: Criminal Law F b—Defendant is not twice put in jeopardy by second arraignment after continuance.**

> Where each defendant has been separately arraigned and has pleaded to the bill of indictment, following which the cases are continued to the next term of court, defendants are not twice put in jeopardy by a second arraignment when the cases are called for trial the following term. N. C. Const., Art. I, secs. 12, 13, 17.

APPEAL by defendants from *Small, J.,* and a jury, at Special September Criminal Term, 1935, of DURHAM. No error.

At the regular 1935 September Term of criminal court in Durham County, the defendants Thomas Watson and J. T. Sanford were indicted and a true bill found against them for the murder of one Nathan Malone, a colored taxi driver. The defendants were separately arraigned in open court before Judge G. V. Cowper and, after first moving to quash the bill of indictment, pleaded not guilty. The case was then continued, on motion of defendants, to the Special September Criminal Term. When the case was called the defendants, over their objections, were again separately arraigned before Judge Walter Small. The case was tried before a jury, and each of the defendants were found guilty of murder in the first degree and judgment of death was duly pronounced by the court below "by inhaling lethal gas until they are dead." Defendants excepted to the judgment, assigned error, and appealed to the Supreme Court.

The State offered evidence tending to show the following facts: That prior to Monday, August 26, 1935, the defendants Thomas Watson and J. T. Sanford, together with one Moody Johnson, planned to get a taxi to go to Florida. On Monday morning, 26 August, the three planned to rob Nathan Malone and take his taxi and use it for the trip. After

the plan was completed, but before it was commenced, Moody Johnson withdrew from the plan. About dusk dark the two defendants called the deceased on the telephone and, after he came for the defendants and took them in his taxi, Sanford hit the deceased in the head with a hammer and Watson took the wheel and drove the car on a side road, where a scuffle ensued and Nathan Malone was killed and robbed. Early next morning the deceased's body was discovered. The Durham police immediately became active by use of the local police radio, long distance telephone calls, and announcements over radio stations in Richmond, Raleigh, and Columbia. About 11 o'clock a.m., the next day, the defendants were apprehended in Savannah, Georgia, while driving the deceased's taxi. Both confessed that they committed the crime to officers of the law. These confessions were corroborated in every detail.

The charge of the court below covered every aspect of the case, to which no exception was taken. The appellants offered no evidence at the trial. Moody Johnson pleaded guilty to a conspiracy to commit the murder of Nathan Malone. No appeal as to him was taken.

*Attorney-General Seawell and Assistant Attorney-General Bruton for the State.*

*C. W. Hall for defendant Thomas Watson.*

*Allston Stubbs for defendant J. T. Sanford.*

CLARKSON, J. The defendants contend that the only question involved on this appeal is: "Where the defendants are charged with first degree murder, and after each has been separately arraigned and pleaded to the bill of indictment, following which the cases were continued to the next term of court, is it reversible error to again arraign the defendants when the cases are called for trial at the next term of court?" We think not.

The defendants say: "We are frank to admit that we have been unable to find any authority for our position."

The Constitution of North Carolina, sec. 12, is as follows: "No person shall be put to answer any criminal charge except as hereinafter allowed, but by indictment, presentment, or impeachment."

Sec. 13: "No person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court. The Legislature may, however, provide other means of trial for petty misdemeanors, with the right of appeal."

Sec. 17: "No person ought to be taken, imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed or exiled, or in any manner deprived of his life, liberty, or property, but by the law of the land."

In 8 R. C. L., p. 134, sec. 114, is the following: "It is an established maxim of the common law, in the administration of criminal justice, constantly recognized by elementary writers and courts of judicature from a very early period down to the present time, that a man shall not be brought into danger of his life or limb for one and the same offense more than once. This rule not only prohibits a second punishment for the same offense, but it goes further and forbids a second trial for the same offense, whether the accused has suffered punishment or not, and whether in the former trial he has been acquitted or convicted.

Sec. 115: "The right not to be put in jeopardy a second time for the same cause is as important as the right of trial by jury, and is guarded with as much care. Accordingly, there will be found in the Constitution of the United States and in the constitutions of most of the states a provision that no person shall for the same offense be twice put in jeopardy, which, however, is but a recognition of the humane rule of the common law, and a plea of former conviction is good under either the Constitution or the common law. The protection thus afforded is not against the peril of second punishment, but against being again tried for the same offense. Jeopardy in its constitutional or common-law sense, has a strict application to criminal prosecutions only. The word signifies the danger of conviction and punishment which the defendant in a criminal prosecution incurs when duly put on trial before a court of competent jurisdiction. The provision of the Constitution of the United States on the subject applies only to proceedings in the federal tribunals, and does not in any way restrict or prescribe the limits of the constitutional provisions and statutory enactments of the several states, though statements to the contrary may be found in some early decisions." See Constitution of United States, Amendment 5.

We see no constitutional question impinged. Defendants were tried on a bill of indictment for murder found by a grand jury. They were tried by a jury and never put in jeopardy twice for the same offense.

Technicalities and refinements have been greatly eliminated in trials in criminal actions. For example: In *S. v. Upton,* 170 N. C., 769 (770), we find: "Even if this had been a trial for a capital felony, it would not have been error for the court to have made a mistrial 'when necessary to attain the ends of justice.' *S. v. Guthrie,* 145 N. C., 495; *S. v. Tyson,* 138 N. C., 627, which is cited in *S. v. Dry,* 152 N. C., 813." *S. v. Ellis,* 200 N. C., 77.

On the record we see no error, prejudicial or otherwise.

No error.