The defendant was tried at a special term of the Superior Court of Durham County, beginning on 14 February, 1938, upon an indictment charging him with murder.
Upon the trial, evidence was introduced in behalf of the defendant tending to show that he was intoxicated at the time of the commission of the crime, from which evidence the jury might have drawn the inference that he was incapable of forming the deliberate purpose of killing the deceased.
Relating to this evidence and to this defense, the trial judge instructed the jury as follows: "(a) Now the defendant has pleaded not guilty in this case. He says and contends that he is not guilty, that first, he did not strike the old lady any blow at all, and secondly, he says that if you are satisfied from the evidence and beyond a reasonable doubt that he did do so, which he contends you should not be from the testimony, then he contends that you should not find him guilty of murder in the first degree because he contends that at the time of the alleged killing of the old colored lady by himself, the defendant, that he, the defendant, was so much under the influence of intoxicating liquor or whiskey that he, the defendant, could not then form or premeditate and deliberate a fixed design or purpose to kill or to perpetrate or to attempt to perpetrate a robbery upon the person of the deceased. And I charge you in that *Page 94 
connection that it is very generally understood that voluntary drunkenness is no legal excuse for crime. This principle, however, will not be allowed to prevail where in addition to the overt act it is required that a definite specific intent be established as an essential feature of the crime; and I charge you that a person who commits a crime, in this case the crime of murder, if you are satisfied beyond a reasonable doubt from the testimony that the defendant killed the deceased while so drunk as to be incapable of forming a deliberate and premeditated design to kill or to perpetrate or to attempt to perpetrate a robbery upon her person, he is not guilty of murder in the first degree; and if you find from the evidence beyond a reasonable doubt that the defendant did kill the deceased and that at the time the defendant was so drunk or intoxicated as to render it impossible for him to form a willful, deliberate, and premeditated intent to take the life of the deceased or to perpetrate or attempt to perpetrate a robbery from her person, the law reduces the grade of the homicide from murder in the first degree to murder in the second degree. (b)."
The jury found the defendant guilty of murder in the first degree and, from the sentence of death, the defendant appealed to this Court.
Upon the question of premeditation and deliberation, an essential element of the crime of first degree murder, the defendant may make the affirmative defense that, because of want of mental capacity, he was incapable of forming the deliberate purpose to kill; and may show that such mental incapacity was brought about by drunkenness. S. v. Edwards,211 N.C. 555; S. v. Murphy, 157 N.C. 614; S. v. Shelton, 164 N.C. 513.
It is incumbent upon a defendant who relies upon such a defense to find support for it in his own evidence or that of the State; but it is not required that it be proven beyond a reasonable doubt. Since the instruction to the jury is not clear on that point, but is susceptible to the interpretation that the burden was upon the defendant to prove his matter of defense beyond a reasonable doubt, it must be held for error.
New trial. *Page 95