Criminal prosecution tried upon indictment charging the defendant with rape. *Page 805 
The record discloses that on the morning of 23 March, 1943, the defendant went to the Edgemont School in the city of Durham and falsely represented to the principal that his stepdaughter, a child eight years of age, was needed at home on account of the illness of her mother, when in reality the mother of the child was away at the time. The defendant took his stepdaughter home, made her drink some whiskey, and then ravished her.
The defendant was immediately arrested and placed in jail. The grand jury, then in session, promptly returned a true bill, and counsel was appointed to represent him. He was arraigned at the March Term, 1943, Durham Superior Court, and tried at the March-April Special Term, 1943. The defendant interposed a plea of insanity or mental irresponsibility at the time of the alleged offense. He took the stand and testified in his own behalf. From an adverse verdict and sentence of death, he appealed to the Supreme Court, and was awarded a new trial, case reported ante, 321.
On the second trial at the September Term, 1943, Durham Superior Court, the prosecution offered evidence sufficient to make out its case and rested. The defendant then offered a number of witnesses in support of his plea of insanity or mental irresponsibility, but did not again take the stand or become a witness in his own behalf. In rebuttal, and over objection, the solicitor offered the defendant's testimony taken at the former trial, in which he stated "I am not in a position to deny it. . . . I done these things. . . . I know that now I face the chair or gas chamber. . . . I do beg for mercy from everybody and God Almighty especially. . . . I have no recollection whatever of having committed this crime. . . . Got off from work about 7:00 a.m.; went home and had a few drinks. . . . I was drinking pretty heavy. . . . About 9:30 or 10:00 a.m. went to some pool parlor, I am not positive which one, and bought a chaser. . . . I start in on the bottle of whiskey that I have and I don't know then what happened." Exception.
The jury rejected the defendant's plea of insanity or mental irresponsibility, despite the substantial evidence offered in his behalf.
Verdict: "Guilty of rape as charged in the bill of indictment."
Judgment: Death by asphyxiation.
The defendant appeals, assigning errors.
We have here for determination, (1) the sufficiency of the arraignment, (2) the competency of the defendant's testimony taken *Page 806 
at the former trial as evidence against him, and (3) the correctness of the charge.
First, in respect of the sufficiency of the arraignment, it will be noted that a true bill was found by the grand jury at the March Term, 1943, Durham Superior Court, at which term the defendant was duly arraigned and entered a plea of not guilty. He was thereafter tried at the March-April Special Term, 1943, Durham Superior Court, and convicted. From this conviction he appealed to the Supreme Court and was granted a new trial, case reported ante, 321.
The case was again called at the September Term, 1943, Durham Superior Court, and the record recites, "the defendant. . . and his counsel, . . . being present in open court and announcing their readiness for trial enters a plea of not guilty." There was no suggestion that the defendant should be rearraigned. He had already been arraigned at the March Term, 1943, and entered his plea of not guilty. It is not the practice in this jurisdiction to require a prisoner to plead more than once to a single indictment. Indeed, in S. v. Watson, 209 N.C. 229, 183 S.E. 286, the defendant there questioned the propriety of a second arraignment, which was held to be immaterial. So, here, the defendant's nonexceptive assignment of error to the sufficiency of the arraignment must be dismissed as pointless. It was obviously made out of the abundance of caution.
True, it has been said that a plea to the indictment is not a matter of form, but of substance, S. v. Cunningham, 94 N.C. 824, and that in capital cases, the arraignment should appear of record. S. v. Beal,199 N.C. 278, 154 S.E. 604; Johnson v. United States, 225 U.S. 405. Here it does appear that the defendant was duly arraigned and entered a plea of not guilty at the March Term, 1943. His second trial was on the same bill. No new or additional bill was returned by the grand jury. The assignment of error based on this part of the record cannot be sustained. S. v. Ferrell,205 N.C. 640, 172 S.E. 186.
Second, as to the competency of the defendant's testimony taken at the former trial, which was offered by the State after the defendant had closed his case without himself going on the witness stand, it is to be noted the defendant testified on the original hearing at his own request and under the advice of counsel. He was not compelled to testify either at the former trial or at the present trial, albeit "at his own request, but not otherwise," and without prejudice if he failed to avail himself of the privilege, he was competent to testify at either or both trials. C. S., 1799; S. v. Dee, 214 N.C. 509, 199 S.E. 730; S. v. Tucker, 190 N.C. 708,130 S.E. 720; S. v. Bynum, 175 N.C. 777, 95 S.E. 101.
There is a distinction to be observed between the statement made by a prisoner on his preliminary examination before a magistrate under C. S., *Page 807 
4561, and his testimony given under C. S., 1799, as a witness on the trial of the cause. S. v. Hawkins, 115 N.C. 712, 20 S.E. 623. On the former, he is to be advised of his rights, and such examination is not to be on oath. On the latter, the accused, at his own request, but not otherwise, is competent but not compellable to testify, and, of course, his testimony thus given is received under the sanction of an oath. 20 Am. Jur., 473.
It has been held in a number of cases that where the examining magistrate takes the preliminary statement of a prisoner under the compulsion of an oath, contrary to the provisions of C. S., 4561, and without the advice of counsel, such statement may not be used against him on the trial, because, being thus induced, it is deemed to be involuntary.S. v. King, 162 N.C. 580, 77 S.E. 301; S. v. Vaughan, 156 N.C. 615,71 S.E. 1089; S. v. Parker, 132 N.C. 1014, 43 S.E. 830; S. v. Young,60 N.C. 126; S. v. Matthews, 66 N.C. 106; S. v. Broughton, 29 N.C. 96, 45 Am. Dec., 507. The reasons in support of this position are fully set forth in S. v. Parker, supra; S. v. Broughton, supra; and People v.McMahon, 15 N.Y. 384. But these cases have no application to the testimony of a defendant given voluntarily as a witness in his own behalf under C. S., 1799. S. v. Hawkins, supra; Henze v. State, 154 Md. 332.
The constitutional inhibition against compulsory self-incrimination, Art. I, sec. 11, is directed against compulsion, and not against voluntary admissions, confessions, or testimony freely given on the trial. S. v.Luquire, 191 N.C. 479, 132 S.E. 162. Such statements, confessions, and testimony voluntarily given on a former trial are received against the accused as his admissions. S. v. Melton, 120 N.C. 591, 26 S.E. 933; 16 C. J., 630. The test in every case is whether the "admission" was voluntary. Henze v. State, supra.
To say that the testimony of the accused on the former trial is deemed to be involuntary, because given under the sanction of an oath, would seem to carry the presumption too far. If this were so, it could with equal plausibility be contended that the first jury before whom the defendant testified should not consider his testimony, because involuntary. S. v.Eddings, 70 Mo., 545, 36 Am. Rep., 496. On the contrary, the defendant offered himself as a witness on the former trial for the very purpose of having the jury consider his testimony in determining his guilt or innocence. What he said then may be used at any subsequent stage of the prosecution. S. v. Simpson, 133 N.C. 676, 45 S.E. 567; People v.Arnold, 43 Mich. 303, 38 Am. Rep., 182; 1 Thompson on Trials, sec. 647; 16 C. J., 569.
Speaking to the subject in Bess v. Commonwealth, 118 Ky. 858, it was said: "A defendant cannot be made to give evidence against himself. *Page 808 
A failure to testify for himself cannot be commented on or used against him on his trial. When he does become a witness for himself, he occupies the position of any other witness introduced on the trial. To prove on the last trial what he said voluntarily in giving his evidence on the former trial is not making him give evidence against himself, nor is it commenting upon his failure to testify for himself. To admit such evidence is not violative of the Constitution, which protects one from being forced to give evidence against himself, nor of the law which protects him from being prejudiced by having failed to testify for himself. Neither the organic nor statutory law was intended to relieve the accused of the incriminating effect of voluntary statements which he may have made out of court or in court, when he voluntarily went upon the witness stand in his own behalf."
To like effect is the decision in Miller v. People, 216 Ill. 309, where, as stated in the first headnote (which accurately digests the opinion), it was held: "Admissions and statements made by the accused when testifying as a witness in his own behalf on a former trial may be proven by the People on a subsequent trial, although the accused does not testify on the latter trial."
There is no compulsion resting on a defendant to testify in a criminal prosecution. He is at liberty to take the stand in his own behalf or not, just as he may elect or be advised, and his failure to testify creates no presumption against him and is not a proper subject for comment by counsel in arguing the case to the jury. S. v. Tucker, supra. When he chooses to avail himself of the privilege, however, he assumes the status of a witness, with all the advantages and disadvantages that status may entail.S. v. Griffin, 201 N.C. 541, 160 S.E. 826. Of course, it is proper for the jury to consider that he is the defendant in the case and on trial for the crime charged. S. v. Dee, supra. The statements or admissions made by him while so testifying are in nowise privileged, but may lawfully be offered in evidence on any subsequent trial for the consideration of the jury in passing upon his guilt or innocence. S. v. Simmons, 78 Kan. 852;S. v. Kimes, 152 Iowa 240; Mackmasters v. State, 83 Miss. 1; Henze v.State, supra. The exception addressed to the admission of the evidence is not sustained.
Third, as bearing on the correctness of the charge, the rule that what the court says to the jury is to be considered in its entirety and contextually would seem to save it from successful challenge. S. v. Smith,221 N.C. 400, 20 S.E.2d 360.
The exception stressfully urged as valid is the one addressed to the instruction that "there is no evidence to justify the jury in finding the defendant insane so far as the drinking habit is concerned." S. v.Hairston, 222 N.C. 455, 24 S.E.2d 342. The only evidence on this *Page 809 
point is that contained in the defendant's testimony taken on the former trial, which discloses that he "had a few drinks," or was "drinking pretty heavy," at the time and did not know what happened or had no recollection of having committed the crime. Another witness testified that he went home with the defendant around 8 o'clock in the morning "and they drank about a quart of whiskey." The principal of the school said the defendant called for the little girl about 11 o'clock; "that he seemed normal and although I got within three feet of him and talked with him, I did not detect the odor of alcohol." This, at most, shows no more than a temporary lapse of moral perception which was held in S. v. Sewell, 48 N.C. 245, and again in S.v. Potts, 100 N.C. 457, 6 S.E. 657, to be insufficient to excuse a crime as distinguished from reducing it to a lower grade where some specific intent is required, e.g., premeditation and deliberation. S. v.Alston, 214 N.C. 93, 197 S.E. 719. Here, no contention was made in respect of "a less degree of the same crime," C. S., 4640, or that the less-aggravated assaults included in the bill should be submitted to the jury, C. S., 4639, as all the evidence shows carnal knowledge and abuse of a female child under the age of twelve years. C. S., 4204. S. v. Hairston,supra; S. v. Jackson, 199 N.C. 321, 154 S.E. 402. Indeed, the unnaturalness of the defendant's conduct and the enormity of his crime were urged as circumstances in support of his plea of insanity or mental irresponsibility, which the jury rejected. S. v. Alex Harris, ante, 697.
A searching investigation of the entire record leaves us with the impression that the case has been tried in substantial conformity to the decisions on the subject and that the result accords with the law's command. The conclusion, therefore, is that the verdict and judgment should be upheld. It is so ordered.
No error.