H. V. GLENN, SR., ADMINISTRATOR OF HEBERT VINCENT GLENN, JR., DECEASED v. BRANTLEY SMITH AND HERBERT EUGENE SMITH.

(Filed 18 June, 1965.)

1. **Evidence § 42—**

   The opinion of a witness, even though he may be qualified as an expert, is not admissible as to matters within the ordinary experience of men, since in such instance the jury is capable of deciding such question without the aid of opinion evidence.

2. **Same; Automobiles § 38— Expert testimony as to whether vehicle would "fishtail" when suddenly accelerated held incompetent.**

   The conflicting contentions were whether defendant, in attempting to pass on a left curve a preceding vehicle driven by plaintiff's intestate, collided because of his failure to drive his car completely to the left of the center line, or whether he drove completely to the left of the center line and, as he was passing, intestate accelerated his vehicle, causing the rear of intestate's vehicle to jerk to the left and hit defendant's car. *Held:* Since the question involves many imponderables, such as the respective speed of the vehicles, inflation of tires, condition of road, power used in accelerating,

and the respective positions of the cars at the time, testimony of a witness qualified as a traffic engineer as to whether under such circumstances intestate's car would "fishtail" is incompetent and was properly excluded.

**3. Trial § 15—**

The rule that objection to the admission of evidence will be considered only upon the ground stated in the objection does not apply when the evidence is excluded by statute.

**4. Bill of Discovery § 4—**

Testimony elicited on adverse examination in one case is not competent upon the trial of a companion case instituted by a plaintiff who is a stranger to the prior action. G.S. 1-568.14.

APPEAL by plaintiff from *Sink, E.J.,* October Civil Session 1964 of DURHAM.

This is an action for wrongful death. The plaintiff alleged that his intestate, his deceased son, Herbert Vincent Glenn, Jr., was killed on 30 November 1961, in an automobile collision allegedly caused by the negligence of the defendant Brantley Smith in the operation of an automobile owned by his father, Herbert Eugene Smith, his co-defendant.

On the evening of 30 November 1961, at approximately 10:00 P.M., plaintiff's intestate was operating his 1959 Ford automobile in a southerly direction on Guess Road, near the city limits of the City of Durham; that at the same time the defendant, Brantley Smith, was operating a 1954 Lincoln automobile on Guess Road and was also proceeding south on said road, and at the time there were riding with him in said Lincoln automobile Frances Carpenter, Carolyn Carpenter and John Slaughter.

Plaintiff further alleged that the automobile operated by Herbert Vincent Glenn, Jr., in which his wife, Jo Ann Lasater Glenn, was riding as a passenger, was proceeding south on Guess Road in a careful and proper manner; that the automobile operated by the defendant Brantley Smith attempted to overtake and pass the Glenn automobile, and in the course of overtaking it a collision resulted in which both passengers in the Glenn automobile lost their lives.

The plaintiff's evidence tended to show that the defendant Brantley Smith undertook to pass the Glenn car on a left curve without pulling his car completely over to the left side of the road; that the collision occurred before the driver of the Lincoln car pulled it entirely to the left of the center lane of the highway Brantley Smith testified: "When I attempted to pass, I went to the left-hand side of the road and tried to go around him and he sped up when I tried to go around him. When he sped up, my right front was about to his left rear, something like

that. When he sped up, he seemed to get in another gear or something — I don't know what he done — jumped over and brushed me. The car just seemed to jerk up all of a sudden. The car seemed to jump or jerk when I attempted to pass him and sped up. The rear end of the Ford went over on my side of the road, left-hand side. It disappeared all of a sudden. The cars brushed when it came over. When the cars brushed, my car was completely over the left-hand side of the road. After the two cars brushed, his car disappeared * * *."

The evidence tended to show that both cars left the highway about the same time, the Ford going off the highway to the right and the Lincoln car to the left. Both occupants of the Glenn car were killed. No one was injured in the Lincoln car.

Prior to the filing of the complaint in the case of *Mrs. J. R. Lasater, administratrix of the estate of Jo Ann Lasater Glenn v. Brantley Smith, Frances Carpenter, Carolyn Carpenter and John Slaughter,* an examination of the defendant John Slaughter was held pursuant to the provisions of G.S. 1-568.10. The defendant offered this examination in evidence in this case. The plaintiff objected on the ground that John Slaughter at the time lived in Henderson, North Carolina, within forty miles of Durham and, therefore, under the statute, G.S. 8-83(9), his deposition was not admissible. The court overruled the objection, and the plaintiff excepted.

For the purpose of rebutting the testimony of the defendant that the plaintiff's Ford automobile suddenly jerked over on his side of the road, the plaintiff attempted to offer expert testimony that a standard 1959 Ford automobile could not possibly "fishtail." The plaintiff offered an expert in the field of traffic engineering, and the court ruled the witness to be an expert in his field. Whereupon, plaintiff's counsel attempted to ascertain from this witness whether or not he was familiar with a standard 1959 Ford automobile; whether or not he had driven a 1959 Ford automobile; and whether or not in his opinion a 1959 Ford automobile could "fishtail."

The court refused to allow the expert testimony with respect to any of the above-stated questions, and further declined to allow the plaintiff's counsel to even ask such questions for the record out of the presence of the jury. Plaintiff excepted.

The case was submitted to the jury, and the jury answered the issues of negligence and contributory negligence in the affirmative. Judgment was accordingly entered, and the plaintiff appeals, assigning error.

*Everett, Everett & Everett for plaintiff appellant.*
*Bryant, Lipton, Bryant & Battle for defendant appellees.*

DENNY, C.J. The appellant assigns as error the refusal of the court below to permit a traffic engineer, who was held by the court to be an expert in his field, to testify concerning his familiarity with a standard 1959 Ford automobile and whether or not he had an opinion as to whether a 1959 Ford automobile would "fishtail" (that is, swing to its left) under the conditions described by the witnesses.

Just what an automobile would or would not do in rounding a left curve involves many imponderables. How fast was the car being operated? Were the tires properly and evenly inflated? How much power was used in accelerating the car? Was the car otherwise in good mechanical condition? What was the condition of the road? Did the road have any loose gravel or stones upon its surface? Were the respective cars in their proper lane immediately prior to the collision? *et cetera.* The evidence with respect to the last question was in sharp conflict.

The plaintiff offered evidence to the effect that the Ford car was never in the left lane of the road, that it never crossed the center line of Guess Road. On the other hand, the defendants offered evidence to the effect that the Ford car, when it was suddenly accelerated, jerked or "fishtailed" to its left and brushed the Lincoln car which was traveling in the left lane, causing the damages sustained by the plaintiff's intestate.

The opinion of a witness, even though he may be competent to testify as an expert, is not admissible as to matters within the ordinary experience of men. The jury is deemed capable of deciding such questions without the aid of opinion evidence. *Great Eastern Casualty Co. v. Kelley* (1917, Tex. Civ. App.), 194 S.W. 172. Most jurors are thoroughly familiar with the operation of automobiles, and are capable of determining what inferences the facts will permit or require. *Tyndall v. Hines Co.,* 226 N.C. 620, 39 S.E. 2d 828.

In *Shaw v. Sylvester,* 253 N.C. 176, 116 S.E. 2d 351, this Court said:

> "* * * A witness who investigates but does not see a wreck may describe to the jury the signs, marks, and conditions he found at the scene, including damage to the vehicle involved. From these, however, he cannot give an opinion as to its speed. The jury is just as well qualified as the witness to determine what inferences the facts will permit or require. *Tyndall v. Hines Co.,* 226 N.C. 620, 39 S.E. 2d 828.
>
> "The qualified expert, the nonobserver, may give an opinion in answer to a proper hypothetical question in matters involving science, art, skill and the like. The plaintiff contends Sgt. Etherage placed himself in this expert category by having investigated more than 400 wrecks. There is no evidence that wrecks follow any set

or fixed pattern. An automobile, like any other moving object, follows the laws of physics; but which door came open first during the movement would depend upon the amount and direction of the physical forces applied, and the place of their application. There was no evidence the witness ever investigated an accident when both doors were open and both occupants thrown out. In this case neither the nonobserver nor the jury could tell who was the driver. *Tyndall v. Hines Co., supra; Everett v. Fischer,* 147 P. 189; *Burwell v. Sneed,* 104 N.C. 118, 10 S.E. 152."

In our opinion, the expert testimony which the plaintiff sought to offer was properly excluded, and we so hold.

The plaintiff also assigns as error the admission of the adverse examination of John Slaughter, which was taken in the case of *Mrs. J. R. Lasater, administratrix v. Brantley Smith, Frances Carpenter, Carolyn Carpenter and John Slaughter,* for the purpose of obtaining information necessary to enable the plaintiff in that case to prepare and file her complaint.

The plaintiff objected to the admission of this examination on the ground that at the time of the trial below John Slaughter was residing in Henderson, North Carolina, within forty miles of Durham. The objection was based upon the provisions of G.S. 8-83, subsection 9. This statute provides that every deposition taken and returned in the manner provided by law may be read on the trial of the action or proceeding, or before any referee, in the following cases, and not otherwise:

"9. If the witness has been duly summoned, and at the time of the trial is out of the State, or is more than seventy-five miles by the usual public mode of travel from the place where the court is sitting, without the procurement or consent of the party offering his deposition."

Ordinarily, an objection made upon certain grounds stated, only those stated can be made the subject of review upon appeal, except where the evidence is excluded by statute. McIntosh, North Carolina Practice and Procedure, 2nd Ed., Vol. II, § 1532, subsection 7, page 63, citing *Presnell v. Garrison,* 121 N.C. 366, 28 S.E. 409.

It is provided in G.S. 1-568.24, "Use of deposition at trial. — (a) Upon the trial of the action or at any hearing incident thereto, any party may offer in evidence the whole, but, if objection is made, not a part only, of any deposition taken pursuant to this article, but such deposition shall not be used as evidence against any party not notified of the taking thereof as provided by G.S. 1-568.14."

G.S. 1-568.14 requires the examining party to give notice to all parties other than the party to be examined. This statute requires the

notice to be delivered to the party five days before the examination or mailed to him ten days before the date of such examination, and the notice shall consist of a copy of the order of examination. There is nothing in the record before us to indicate that the plaintiff herein was a party to the suit in which the examination of Slaughter was procured at the time the order for the examination of the defendant Slaughter was issued. Therefore, since the plaintiff was not a party to such action, and had no opportunity to cross examine Slaughter at the time of his examination, it was error to admit such examination in evidence in the trial of this action, and for such error there must be a new trial.

We call attention, however, to the fact that the trial judge was not informed at the time of the trial below that Slaughter's examination was not taken in the case then being heard. If the trial judge had been informed of this fact, doubtless he would have excluded the examination.

Since there must be a new trial, we deem it unnecessary to discuss the remaining assignments of error which may not recur on the next trial.

New trial.