STATE OF NORTH CAROLINA v. LARRY RAVON FLEMING

No. 7614SC865

(Filed 4 May 1977)

1. Criminal Law § 162.6— objection on specific ground — review on appeal
   When a specific objection to evidence is made, the competency of the evidence will be determined on appeal solely on the basis of the ground specified, and the existence of another ground for objection is irrelevant for purposes of review unless the evidence is completely without purpose; however, the rule does not apply when the evidence is rendered incompetent by statute, and defendant could properly raise a violation of G.S. 8-54 for the first time on appeal.

2. Criminal Law § 162.6— portions of evidence inadmissible — general objection insufficient
   Even if the introduction of portions of defendant's transcript from a former trial constituted a violation of G.S. 8-54, there were other portions which were properly admissible into evidence; therefore, since defendant failed to object to the specific parts of the transcript which were incompetent, he could not complain on appeal of their admission.

APPEAL by defendant from *Lee, Judge.* Judgment entered 12 April 1976 in Superior Court, DURHAM County. Heard in the Court of Appeals 6 April 1977.

Defendant was charged by indictment in proper form with armed robbery and entered a plea of not guilty. A jury convicted defendant on the charge, and judgment was entered thereon sentencing him to imprisonment for a term of 25 years.

The State introduced evidence which tended to show the following: On 3 April 1973, Martin Mangum and Charles Bailey were employed as sales clerks at the Durham County A.B.C. Store # 4. At approximately 8:45 p.m., defendant entered the store with Clintes Evoner Person and asked for a bottle of dark rum. Mangum left his sales window, picked up the rum and returned to a vacant sales widow, whereupon he saw defendant holding a gun. Defendant ordered Mangum to return to his own window, and Mangum complied. Person was waiting at Mangum's window and held a gun on the counter. He instructed Mangum, "Empty your register and put it in a bag." Mangum removed approximately $390 from the cash register and gave it to Person. Before leaving the A.B.C. store, Person warned Mangum that "if you ever identify me you are dead." Investigating officers subsequently discovered a latent fingerprint and palm print on the counter and identified them as matching those of Person. Mangum did not identify defendant as one of the robbers for some months until he saw defendant testify at another trial as an alibi witness for Person.

Claudia Johnson, who was acquainted with both defendant and Person, went to the A.B.C. Store # 4 at approximately 8:45 p.m. on 3 April 1973. As she approached the door, she recognized defendant standing at the counter and holding a gun. She also saw Clintes Person standing in the store beside defendant. Person turned and saw Johnson staring at him, and she fled.

Defendant called Detective Lorenzo Leathers of the Durham Police Department. He testified, *inter alia*, that Mangum picked defendant's photograph out of a group of 30-50 others and identified defendant as one of the men that robbed the store. Soon thereafter, defendant was put in a lineup at which time Bailey failed to identify defendant. Mangum did not attend the lineup, and charges against defendant were subsequently dropped. Defendant was not arrested until the summer of 1973 soon after he testified on behalf of Person, who was on trial for the robbery of a gas station which occurred the same night as the robbery of the A.B.C. store.

In rebuttal, the State introduced, over objection, the transcript of defendant's testimony at Person's trial. In it, defendant testified that he was with Person on the night of 3 April 1973; that they spent the evening playing cards at the house of a friend; that he had been arrested for the robberies of the A.B.C. store and the gas station; that he was not identified in subsequent lineups and was thereafter released from custody on the charges; and that he had previously served an active prison sentence for "[s]omething about receiving stolen goods or something."

Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Associate Attorney Norma S. Harrell, for the State.*

*Norma E. Williams and Kenneth B. Oettinger for defendant appellant.*

MORRIS, Judge.

Defendant raises seven assignments of error but argues only two of them on appeal. He contends that the trial judge erred in admitting into evidence the transcript of defendant's testimony in the trial of Clintes Person and in subsequently overruling his motion to dismiss.

As a general rule, where a defendant testifies as a witness at a judicial proceeding, his testimony is admissible against him in a subsequent criminal trial. *State v. Farrell*, 223 N.C. 804, 28 S.E. 2d 560 (1944); *State v. Burnett*, 184 N.C. 783, 115 S.E. 57 (1922); *State v. Simpson*, 133 N.C. 676, 45 S.E. 567 (1903). Defendant argues, however, that because of the transcript " . . . contained statements and admissions by the defendant that he had been arrested and accused of another unrelated armed robbery, had previously been convicted of other crimes, had served an active prison sentence or sentences and contained statements by the district attorney which insinuated that the defendant had been one of the parties involved in the armed robbery which is the subject of the case at bar," it was therefore incompetent at his own trial. We cannot agree.

Following defendant's objection to the introduction of the transcript, counsel for defendant and the State approached the bench at which time the court asked defendant's attorney to

state the basis for his objection. Counsel told the court that the grounds for his objection were that the admission of the former testimony would violate defendant's constitutional right against self-incrimination. The district attorney asked defense counsel if self-incrimination was the sole basis for the objection and was informed that it was. The record states "[t]hat at the bench there was no discussion whatsoever with the district attorney or the defendant's attorney about the fact that the transcript sought to be entered into evidence contained some reference to defendant's prior criminal activity."

[1]  It is well settled in North Carolina that when a specific objection to evidence is made, the competency of the evidence will be determined on appeal solely on the basis of the ground specified. The existence of another ground for objection is irrelevant for purposes of review unless the evidence is completely without purpose. *State v. Cornell,* 281 N.C. 20, 187 S.E. 2d 768 (1972); *Pratt v. Bishop,* 257 N.C. 486, 126 S.E. 2d 597 (1962); *State v. Westmoreland,* 181 N.C. 590, 107 S.E. 438 (1921). But the rule does not apply when the evidence is rendered incompetent by statute. *Glenn v. Smith,* 264 N.C. 706, 142 S.E. 2d 596 (1965). Thus, defendant may properly raise a violation of G.S. 8-54 for the first time on appeal.

[2]  However, even assuming *arguendo* that the introduction of portions of the transcript constitute a violation of G.S. 8-54, there were other portions which were properly admissible into evidence. *State v. Farrell, supra.* Defendant did not specify the objectionable portions. A general, broadside objection should be overruled if any part of the evidence is admissible. *Pratt v. Bishop, supra.*

> "The rule is well settled that general objections will not be entertained if the evidence consists of several distinct parts, some of which are competent and others not. In such case the objector must specify the grounds of the objection, and it must be confined to the incompetent evidence. Unless this is done he cannot afterwards single out and assign as error that part of the evidence which was incompetent." *State v. Hill,* 6 N.C. App. 365, 368, 170 S.E. 2d 99, 101 (1969).

Since defendant failed to object to the specific parts of the transcript which were incompetent, he may not now complain of their admission. These assignments are overruled.

No error.

Judges HEDRICK and ARNOLD concur.